[Cite as *State v. Marshall*, 2016-Ohio-3184.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150383 |
| | | TRIAL NO. B-1500170 |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| DEMILO MARSHALL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  May 27, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Rachael Lipman Curran*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *Julie Kahrs Nessler*, Assistant Public Defender, for Defendant-Appellant.

Please note:  this case has been removed from the accelerated calendar.

**FISCHER, Presiding Judge.**

{¶1} Defendant-appellant DeMilo Marshall appeals from a judgment of the Hamilton County Court of Common Pleas sentencing him to 12 years in prison for one count of attempted murder and three counts of aggravated robbery, all of which were accompanied by firearm specifications, following Marshall's guilty pleas. In his appeal, Marshall challenges the decision of the juvenile court transferring jurisdiction of his cases to the common pleas court for adult prosecution. Because we determine that the juvenile court did not abuse its discretion in relinquishing jurisdiction, we affirm the judgment of the trial court.

{¶2} In October 2014, the state filed four delinquency complaints against Marshall, then 15 years old. Three of the complaints alleged that Marshall and his codefendants had been involved in the aggravated robbery of three Hispanic individuals on September 13, 2014, which had left one of the victims paralyzed from a gunshot wound to the back. The fourth complaint involved the aggravated robbery of a University of Cincinnati ("UC") student on September 22, 2014.

{¶3} The state requested that the juvenile court relinquish jurisdiction over Marshall's cases and transfer his cases to adult court for criminal prosecution. The juvenile court held joint probable-cause hearings for Marshall and three other individuals regarding the September 13 and September 22 robberies, as well as other aggravated robberies that did not involve Marshall. As to the September 13 shooting and robberies, the juvenile court heard testimony from police officers that, in the course of investigating a shooting in Westwood, they had stopped a vehicle in which Marshall was an occupant. Marshall denied involvement in the shooting, but admitted he had been on the scene visiting his uncle and had taken money from the

victims. The juvenile court also heard testimony from the three Hispanic victims, who detailed how three men had approached them and demanded money, and that one of the victims had been shot while trying to flee. The juvenile court then heard testimony from a female who had been in the getaway vehicle. She testified that Marshall and two codefendants had robbed the three Hispanic men, and that one of the codefendants had admitted to shooting one of the victims.

{¶4} As to the September 22 robbery, the UC student testified that a man wearing yellow pants had put a gun to his chest and had demanded his belongings. Police officers testified that when, on that same day, they had stopped the vehicle wanted in connection with the September 13 shooting, Marshall had been wearing yellow pants, and the UC student's identification card was in the car.

{¶5} The juvenile court found probable cause existed in the four complaints against Marshall. Because Marshall was not yet 16 at the time of the acts charged, the trial court had discretion to transfer Marshall's cases to adult court. *See* R.C. 2152.12; *State v. McKinney*, 2015-Ohio-4398, 46 N.E.3d 179, ¶ 6 (1st Dist.) (a juvenile court is required to transfer a case to the court of common pleas if the juvenile is 16 or 17 and probable cause exists that the juvenile committed aggravated robbery with a firearm). As a result, the trial court held a discretionary-transfer proceeding and ordered a full evaluation of Marshall's amenability to rehabilitation within the juvenile-justice system.

{¶6} As part of the juvenile court's evaluation, Marshall was examined by Dr. Kathleen Hart, a clinical child and adolescent psychologist, and Dr. Drew Barzman, a forensic psychiatrist. Both doctors completed written evaluations, which were submitted to the juvenile court, stating their opinions that Marshall would be

3

amenable to rehabilitation within the juvenile-justice system. The juvenile court held an amenability hearing in which it heard oral argument from the state and Marshall's counsel. Despite the medical opinions in the evaluations, the juvenile court determined that Marshall's cases should be transferred to adult court.

{¶7} The state indicted Marshall on one count of attempted murder, two counts of felonious assault, and four counts of aggravated robbery, all of which were accompanied by firearm specifications. Marshall and the state entered into a plea agreement whereby Marshall agreed to plead guilty to three of the aggravated-robbery charges and the attempted-murder charge in exchange for the dismissal of the remaining charges. The parties jointly recommended that the trial court impose a 12-year prison sentence on Marshall's offenses. After a plea colloquy, the trial court accepted the parties' plea agreement and imposed the jointly-recommended sentence.

{¶8} In a single assignment of error, Marshall challenges the juvenile court's decision to transfer his cases to the court of common pleas for adult prosecution. Marshall specifically challenges the juvenile court's finding that Marshall would not be amenable to treatment in the juvenile system.

{¶9} *Waiver.* The state argues that this court cannot reach the merits of Marshall's assignment of error because Marshall waived his right to contest the bindover procedure by failing to object in the juvenile court and by entering into an agreed plea. The state relies on R.C. 2953.08(D) and *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, 922 N.E.2d 923, as well as *State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900. But, this court recently decided that defects in the bindover proceedings relate to the subject-matter jurisdiction of the

4

common pleas court to try the juvenile as an adult, and such defects cannot be waived by a subsequent guilty plea in adult court. *See State v. Amos*, 1st Dist. Hamilton No. C-150265, 2016-Ohio-1319. We see no reason to depart from the reasoning of *Amos* in the context of an agreed plea and jointly-recommended sentence imposed by the trial court, because, if the trial court lacked subject-matter jurisdiction over a criminal case, then its sentence was not "authorized by law" within the context of R.C. 2953.08(D)(1).

{¶10} The state further argues that if this court reviews Marshall's assigned error, this court should review only for plain error under *Quarterman*. In *Quarterman*, the defendant failed to raise a constitutional challenge to the bindover procedure in either the juvenile court or the court of common pleas. *See McKinney*, 2015-Ohio-4398, 46 N.E.3d 179, at ¶ 8. By contrast, Marshall filed a motion requesting that the juvenile court retain jurisdiction over his cases for the reasons set forth in Dr. Barzman's report, and Marshall stated at the sentencing hearing in the court of common pleas that he disagreed with the juvenile court's bindover decision, and that he would be appealing the juvenile court's decision in that regard. Thus, *Quarterman* does not apply.

{¶11} We thus determine Marshall did not waive his challenge to the juvenile court's amenability determination, and we will address the merits of Marshall's assignment of error.

{¶12} ***Discretionary-Bindover Procedure.*** R.C. 2152.12(B) governs discretionary bindover of delinquency cases from juvenile court to the court of common pleas. Once a complaint has been filed charging a child with an offense that would be a felony if committed by an adult, a juvenile court may transfer jurisdiction

5

of the case to the court of common pleas if it finds at a hearing that (1) the child was 14 years of age or older at the time of the act in the complaint, (2) probable cause exists that the child committed the act in the complaint, and (3) the child is not amenable to care or rehabilitation within the juvenile system and should be subject to adult sanctions to ensure the safety of the community. *See* R.C. 2152.12(B)(1)-(3).

{¶13} Once the juvenile court finds that the age and probable-cause elements have been satisfied, the juvenile court must conduct a "full investigation" before making an amenability determination. *See* Juv.R. 30(C); R.C. 2152.12(C). This investigation includes an inquiry into the child's social history, education, and familial situation, as well as a mental examination of the child by a qualified agency or individual. *Id.*

{¶14} When determining whether a child is amenable to treatment within the juvenile system, the juvenile court must consider the factors weighing in favor of and against transfer, as outlined in R.C. 2152.12(D) and 2152.12(E), as well as any other relevant factor. *See* R.C. 2152.12(B)(3); *Amos*, 1st Dist. Hamilton No. C-150265, 2016-Ohio-1319, at ¶ 22. The record in the juvenile court must "indicate the specific factors that were applicable and that the court weighed." R.C. 2152.12(B)(3). To this end, the juvenile court must state the reasons for transfer on the record and in the order of transfer. *See* R.C. 2152.12(I); Juv.R. 30(G).

{¶15} A juvenile court's amenability determination under R.C. 2152.12 will not be reversed unless the juvenile court has abused its discretion. *State v. Washington*, 1st Dist. Hamilton No. C-130213, 2014-Ohio-4178, ¶ 19, citing *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 39. R.C. 2152.12 is silent with regard to how a juvenile court should weigh the factors in R.C. 2152.12(D)

6

and (E).  Thus, the juvenile court has the discretion to determine how much weight should be accorded to any given factor.  *See State v. Morgan*, 10th Dist. Franklin No. 13AP-620, 2014-Ohio-5661, ¶ 37.  "As long as the court considers the appropriate statutory factors and there is some rational basis in the record to support the court's findings when applying those factors, [this court] cannot conclude that the trial court abused its discretion in deciding whether to transfer jurisdiction."  *State v. West*, 167 Ohio App.3d 598, 2006-Ohio-3518, 856 N.E.2d 285, ¶ 10 (4th Dist.).

{¶16}  *Factors Weighing Against Transfer.*  Marshall argues that the juvenile court failed to consider any of the factors weighing against transfer, and that several of the factors in R.C. 2152.12(E) were applicable in this case.  As for the factors weighing against transfer, Marshall contends that he was not the principal offender in the more serious incident, which had resulted in one of the victims being paralyzed, and that he had minimal to no previous involvement with the juvenile-justice system.  *See* R.C. 2152.12(E)(3) and (5).  Marshall also points to the findings in the expert reports of Dr. Barzman and Dr. Hart, which indicated that Marshall was susceptible to peer influence, that he would be vulnerable to mistreatment in the adult system, and that Marshall would likely be successfully rehabilitated in the juvenile system.  *See* R.C. 2152.12(E)(6) and (8).

{¶17} This court has held that a juvenile court need only identify those specific factors that were applicable and that it weighed in making its determination.  *See Amos* at ¶ 38; *Washington* at ¶ 23 ("Where there is no statutory requirement that the juvenile court separately identify factors that are not applicable, it does not err if it fails to do so, as long as it has indicated, in the record, the factors that it weighed in favor of or against transfer.").  Although the juvenile court did not directly address

7

any of the factors in R.C. 2152.12(E) weighing against transfer, the juvenile court did acknowledge on the record at the amenability hearing that it had reviewed Dr. Barzman's and Dr. Hart's reports. Thus, the trial court did not ignore the factors under R.C. 2152.12(E)(6) and (8) in making its amenability determination.

{¶18} As to the factors under R.C. 2152.12(E)(3) and (5), the record indicates that Marshall was the principal offender in the robbery of the UC student, and Dr. Hart's report indicates that Marshall had been involved in a previous burglary in Kentucky. Therefore, the juvenile court did not err by failing to discuss those factors as weighing against transfer when making its amenability determination.

{¶19} *Factors Weighing in Favor of Transfer.* With regard to the factors weighing in favor of transfer in R.C. 2152.12(D), Marshall argues that the juvenile court improperly found the existence of some factors and placed too much weight on the severity of the underlying offenses and the safety of the community, as well as evidence of Marshall's gang activity. In its entry transferring jurisdiction, the juvenile court incorporated a findings worksheet, in which it found that the factors in R.C. 2152.12(D)(1), (4), (5), (6), (8), and (9) weighed in favor of transfer. The juvenile court also expressed these findings on the record at the amenability hearing.

{¶20} With regard to the sufficiency of the evidence to support the juvenile court's findings, Marshall argues that the record does not support the juvenile court's finding that, at the time of the act charged, Marshall had been awaiting adjudication or disposition as a delinquent child, was under a community-control sanction, or was on parole for a prior delinquency adjudication or conviction. *See* R.C. 2152.12(D)(6). We agree that the record does not support this finding. Although the record indicated that Marshall may have had a previous delinquency adjudication in

Kentucky, no evidence in the record indicated that, *at the time of the act charged*, Marshall had been awaiting adjudication or disposition as a delinquent child, was under a community-control sanction, or was on parole for a prior delinquency adjudication or conviction.

{¶21} Marshall also argues that the record does not support the juvenile court's findings that he was physically, emotionally, or psychologically mature enough for transfer, or that he could not be timely rehabilitated within the juvenile-justice system. *See* R.C. 2152.12(D)(8) and (9). Marshall relies on the reports from Dr. Hart and Dr. Barzman who opined otherwise. However, a juvenile court in making an amenability determination is entitled to disagree with the opinion of a medical expert and may take into account the severity of the offenses when considering whether a juvenile is mature enough for transfer and whether enough time exists to rehabilitate in the juvenile-justice system. *See State v. Johnson*, 2015-Ohio-96, 27 N.E.3d 9, ¶ 40 (8th Dist.); *Morgan*, 10th Dist. Franklin No. 13AP-620, 2014-Ohio-5661, at ¶ 37 (holding that a juvenile court is not bound by an expert opinion).

{¶22} Finally, Marshall argues that the juvenile court placed too much emphasis on the severity of the underlying offenses, the safety of the community, and his commission of the offenses as part of a gang or organized criminal activity. Sufficient evidence existed that Marshall had committed the crimes as part of organized criminal activity. *See* R.C. 2152.12(D)(4); *Morgan* at ¶ 38 ("[A] defendant's participation in an aggravated robbery along with one or more codefendants is sufficient to find the incident occurred as part of organized criminal activity [under R.C. 2152.12(D)(4)]."). Although not explicitly listed in R.C.

2152.12(D), the seriousness of the underlying offenses and the safety of the community are relevant factors in the amenability determination. *See* R.C. 2152.12(B)(3); *Amos*, 1st Dist. Hamilton No. C-150256, 2016-Ohio-1319, at ¶ 43, citing *West*, 167 Ohio App.3d 598, 2006-Ohio-3518, 856 N.E.2d 285, at ¶ 30, and *State v. Watson*, 47 Ohio St.3d 93, 547 N.E.2d 1181 (1988).

{¶23} The juvenile court heard evidence that Marshall and his codefendants had been involved in two aggravated-robbery events in less than two weeks—one that involved a random UC student being robbed at gunpoint, and one that left a victim paralyzed from a gunshot wound. These events, the juvenile court found, "created a tremendous fear in this community and a lot of innocent lives were permanently changed as a result of this." The power to weigh the factors in favor of or against transfer rests with the juvenile court, and we cannot say that the juvenile court abused its discretion in weighing certain factors more heavily than others.

{¶24} Based upon the totality of the evidence before the juvenile court, we determine that the juvenile court did not abuse its discretion in concluding that Marshall was not amenable to care or rehabilitation within the juvenile system, and that the safety of the community required that Marshall be subject to adult sanctions. Therefore, we overrule Marshall's sole assignment of error, and the judgment of the trial court is affirmed.

Judgment affirmed.

**HENDON** and **STAUTBERG, JJ.,** concur.

Please note:
> The court has recorded its own entry on the date of the release of this opinion.