[Cite as *State v. Johnson*, 2019-Ohio-287.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | APPEAL NO. C-170612 |
| | | TRIAL NO. B-1704196 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| DAVID ISAIAH JOHNSON, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal:  January 30, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond L. Katz,* for Defendant-Appellant.

**CUNNINGHAM, Presiding Judge.**

{¶1} Defendant-appellant David Isaiah Johnson appeals from his convictions, in the Hamilton County Common Pleas Court, following his pleas of guilty to two counts of robbery and a single count of receiving stolen property. Johnson committed these offenses when he was 17 years old. He contends that the convictions must be reversed because of errors in the juvenile court's transfer of jurisdiction of these cases to the common pleas court. Because Johnson cannot demonstrate the claimed errors in the record on appeal, we affirm.

## I. Johnson's Multiple Offenses

{¶2} These prosecutions commenced as delinquency actions in juvenile court. But the record of the actions taken by the juvenile court to transfer jurisdiction to the trial court is slight.

### a. Johnson's description of the juvenile court proceedings

{¶3} In his appellate brief, Johnson explains that complaints were filed in juvenile court alleging that Johnson had committed multiple offenses against separate victims, each perpetrated on a separate day in early 2017. One complaint charged Johnson with behavior that would have constituted the aggravated robbery of Isaiah Woodard had Johnson been an adult, and an accompanying firearm specification.

{¶4} Under R.C. 2152.12, a juvenile who has "committed a qualifying offense and who meets certain age requirements is automatically removed from the jurisdiction of the juvenile division and transferred to the adult court." *State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883, ¶ 2; *see* R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b)(ii). This transfer of jurisdiction, colloquially known as "mandatory bindover" is reserved "for extraordinary cases, involving older or violent offenders." *Aalim* at ¶ 36. Aggravated robbery is a qualifying "category two offense" for purposes of mandatory bindover. R.C. 2152.02(BB). A court

2

ordering a mandatory bindover is not required to consider whether the child would be amenable to care or rehabilitation within the juvenile system. *See State v. Cockrell*, 2016-Ohio-5797, 70 N.E.3d 1168, ¶ 7 (1st Dist.).

{¶5} Johnson states that another juvenile complaint charged Johnson with behavior that would have constituted the aggravated robbery of Steven Johnson had he been an adult. A third complaint alleged that Johnson had been found in possession of a stolen motor vehicle owned by Ella Washington, also a felony offense if Johnson were an adult.

{¶6} Ohio's bindover scheme permits other nonqualifying, or "discretionary-bindover" offenses to be transferred without an amenability hearing as long as the juvenile court has found probable cause to believe that the juvenile committed a mandatory-bindover offense and that the mandatory-bindover offense and "the additional [discretionary] charges arose from a common nucleus of operative facts." *Id.* at ¶ 17.

{¶7} Johnson states that the juvenile court characterized the aggravated robbery of Woodard as a mandatory-bindover offense and the two lesser offenses against Steven Johnson and Washington as discretionary offenses arising from a common nucleus of operative facts. He asserts that the juvenile court transferred these three cases to the trial court on that basis.

### b. The record on appeal

{¶8} The trial court record on appeal, however, is silent as to almost all of Johnson's claims regarding events occurring in the juvenile court. It does reveal that on July 24, 2017, the Hamilton County Grand Jury returned a six-count indictment against Johnson. Two counts of the indictment alleged that Johnson had committed aggravated-robbery and robbery offenses against Woodard. But the indictment alleged only that Johnson had employed a bludgeon to facilitate the aggravated-robbery offense. There was no accompanying firearm specification.

{¶9} Two other counts charge Johnson with the aggravated robbery and the robbery of Steven Johnson. An additional count alleged that Johnson had feloniously assaulted Woodard. And in the final count, the indictment alleged that Johnson had been found in possession of a stolen motor vehicle owned by Washington.

{¶10} Johnson entered pleas of guilty to the counts alleging the robbery of Steven Johnson and Woodard, felonies of the second degree, and to receiving Washington's stolen property, a fourth-degree felony. The other charges, including the more serious aggravated-robbery charges, were dismissed. The trial court accepted Johnson's pleas and continued the matter for sentencing.

{¶11} The transcript of the September 13, 2017 sentencing hearing reveals that the parties and the trial court were aware that the case had been transferred from juvenile court under a mandatory-bindover procedure. At the hearing, Johnson's trial counsel informed the court that

> this is one of these odd, odd cases where it went from juvenile court as
> a mandatory bind-over, so there was never an amenability hearing in
> Juvenile Court.
>
> When it came out of grand jury, it no longer was mandatory.
> [Ohio's reverse-bindover scheme] does provide for the Court a
> procedure where you would simply find that it was set up as
> mandatory; it came out as non-mandatory, and then it would allow
> you to stay the sentence and send it back to juvenile court and allow
> them the discretion to have an amenability hearing.

{¶12} On September 22, 2017, the trial court entered a judgment of conviction imposing sentence, including an aggregate prison term of six years. And the court stayed its judgment.

4

{¶13} Since Johnson had not actually been convicted of any qualifying offense for purposes of mandatory bindover, the trial court remanded the case to the juvenile court under the reverse-bindover procedure identified in R.C. 2151.121(B). The reverse-bindover scheme requires the trial court to transfer cases back to the juvenile court after considering "what the juvenile court would have been required to do with the case[s] if the juvenile had been charged with only those offenses for which convictions were obtained." *State v. D.B.*, 150 Ohio St.3d 452, 2017-Ohio-6952, 82 N.E.3d 1162, ¶ 12.

{¶14} The two final substantive entries of record reflect Johnson's premature notice of appeal on November 6, and the trial court's November 7, 2017 judgment entry imposing the identical sentences that it had imposed before reverse bindover. It is from this entry alone that Johnson has appealed here. *Compare In re D.M.*, 6th Dist. Lucas No. L-16-1237, 2017-Ohio-8768, ¶ 5 (appellant challenging juvenile court's transfer of jurisdiction appealed from both the juvenile court case containing the transfer orders, and from the criminal judgment of conviction); *see State v. Marshall*, 1st Dist. Hamilton No. C-150383, 2016-Ohio-3184.

{¶15} We note that Johnson has brought separate appeals from juvenile court challenging, inter alia, the bindover of the receiving-stolen-property action and an additional aggravated-robbery offense against a different victim. On June 29, 2018, in response to a motion by Johnson, this court consolidated this appeal with those separate appeals for purposes of oral argument only. Nothing in that entry did, or could have, added materials filed in the juvenile court to the record certified for our review in this appeal numbered C-170612. Johnson ultimately waived oral argument.

## II. Constitutional Challenges to Mandatory Bindover

{¶16} In his first assignment of error, Johnson asserts the juvenile court erred when it transferred this matter to the trial court on grounds that the

mandatory-transfer scheme it employed, codified in R.C. 2152.10(A)(2)(B) and 2151.12(A)(1)(b), was unconstitutional. Since Johnson did not raise this objection in the trial court, we review only for plain error. *See* Crim.R. 52(B); *see also State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 21.

{¶17} The Ohio Supreme Court has held the statutory scheme that Johnson challenges "complies with due process and equal protection as guaranteed by the Ohio and United States Constitutions." *Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883, at ¶ 38. Since Johnson cannot demonstrate error, much less plain error, the first assignment of error is overruled.

{¶18} In a related assignment of error, Johnson claims that he was denied the effective assistance of counsel when his trial counsel failed to challenge the constitutionality of the bindover procedure as set forth in his first assignment of error. To prevail on this claim, Johnson must first show his trial counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), paragraph two of the syllabus.

{¶19} In light of our resolution of the first assignment of error, counsel's failure to raise the constitutional issue was not deficient performance and thus could not have, on that basis, denied Johnson a reliable and fundamentally fair proceeding. *See In re B.H.*, 1st Dist. Hamilton Nos. C-180108 and C-180109, 2018-Ohio-3350, ¶ 13; *see also Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The sixth assignment of error is overruled.

### III. Appellate Review Limited to the Record on Appeal

{¶20} In three of Johnson's remaining assignments of error—the second, fourth, and fifth—he argues the juvenile court erred in transferring jurisdiction to the trial court. In his third assignment of error, he argues because of those errors, the trial court lacked subject-matter jurisdiction to accept Johnson's pleas and to impose

sentence. Each of these assignments of error fails on the most fundamental basis of appellate review: that claimed errors must be demonstrated in the record certified for appeal.

{¶21} Appellate review is strictly limited to the record on appeal. *See Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 13; *see also State v. Bumu*, 1st Dist. Hamilton No. C-160492, 2017-Ohio-6901, ¶ 13. The "record on appeal" consists of three categories of documents identified in App.R. 9: the original papers and exhibits thereto filed in the trial court; the transcript of proceedings, if any, including exhibits; and a certified copy of the docket and journal entries prepared by the clerk of the trial court, here the common pleas court. App.R. 9(A)(1).

{¶22} The appellant bears the burden of "identifying in the record the error on which [an] assignment of error is based." App.R. 12(A)(2). When an appellant relies upon facts shown in a transcript of proceedings, the duty to provide that transcript also falls upon the appellant. *See Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). Under App.R. 9(B), this duty includes the obligation to order a transcript of any "proceedings [he] considers necessary for inclusion in the record," and to ensure that the transcript of the proceedings required by App.R. 9(B)(6) is "filed with the clerk of the trial court under App.R. 10(A)."

{¶23} When the appellant has failed in his duty to ensure that the record on appeal includes the items necessary to the resolution of the assigned errors, the reviewing court presumes the regularity of the lower court's proceedings. *Knapp* at 199.

{¶24} Here, Johnson has failed to ensure that the record on appeal contains transcripts of the evidentiary hearings before the juvenile court, or the juvenile court's rulings on those evidentiary matters, including whether there was probable cause to believe that Johnson had used a firearm to commit the aggravated robbery

of Woodard, whether the other offenses at issue arose from a common nucleus of operative facts with the firearm offense, and whether Johnson was amenable to rehabilitation as a juvenile. Finally, the record does not contain the juvenile court's entries actually transferring jurisdiction to the trial court and characterizing whether those transfers were mandatory or discretionary. *Compare Marshall*, 1st Dist. Hamilton No. C-150383, 2016-Ohio-3184 (appellant challenging the juvenile court's transfer of jurisdiction included records of juvenile court proceedings in the record on appeal).

{¶25} In his second assignment of error, Johnson argues that the juvenile court failed to hold an amenability hearing before transferring to the common pleas court the cases alleging that Johnson had robbed Steven Johnson and had received the stolen property of Washington. He maintains that these two nonmandatory-bindover offenses did not share a common nucleus of operative facts with the case charging Johnson with the aggravated robbery of Woodard, an offense subject to mandatory bindover. *See* R.C. 2152.10(A)(2)(b) and 2152.10(B); *see Cockrell*, 2016-Ohio-5797, 70 N.E.3d 1168, at ¶ 17.

{¶26} However, the juvenile court transcripts and entries that Johnson cites to advance this contention were never filed in the trial court in this case, numbered B-1704196. They are not attached to any original paper that was properly filed. They are not listed in the certified copy of the docket and journal entries prepared by the clerk of the trial court. Thus, they are not part of our record on appeal. *See* App.R. 9.

{¶27} But Johnson's allegations of potentially serious defects in the juvenile court's transfer of jurisdiction are supported only by statements in the parties' appellate briefs or by documents attached to Johnson's brief. A reviewing court cannot rely on matters raised in briefs, or attached thereto, but not supported in the record, to resolve assignments of error. *See State v. Tekulve*, 188 Ohio App.3d 792, 2010-Ohio-3604, 936 N.E.2d 1030, ¶ 4 (1st Dist.); *see also State v. Ishmail*, 54 Ohio

St.2d 402, 377 N.E.2d 500 (1978), syllabus. The second assignment of error is overruled on the sole basis that the claimed error is not demonstrated in the record.

{¶28} Johnson's fourth assignment of error, in which he asserts that the juvenile court erred in finding probable cause to believe that he had used a firearm to facilitate the aggravated robbery of Woodard, is overruled on the same basis. Without a transcript of the proceedings at the probable-cause and bindover hearings, and without the entries which reflect the juvenile court's decisions, Johnson cannot demonstrate error in the record on appeal. *See Knapp*, 61 Ohio St.2d at 199, 400 N.E.2d 384. The fourth assignment of error is overruled.

{¶29} In his fifth assignment of error, Johnson argues the juvenile court erred in determining after reverse bindover from the trial court that Johnson was not amenable to rehabilitation in the juvenile system. The record in this appeal reflects that after imposing sentence, the trial court remanded the matter to the juvenile court for proceedings under R.C. 2152.121(B)(3). It also reflects that the matter was returned to the trial court no later than November 7, 2017, when the trial court reissued its sentencing entry. However, the record does not contain any of the evidentiary material from the juvenile court that would demonstrate an alleged error in its reverse-bindover amenability determination. The fifth assignment of error is overruled.

{¶30} Finally, Johnson asserts, in his third assignment of error, that because of the alleged defects in the juvenile court's bindover proceedings, the trial court lacked subject-matter jurisdiction to adjudicate the charged offenses.

{¶31} Johnson argues, and the state does not dispute, that defects in bindover proceedings affect the subject-matter jurisdiction of the common pleas court to try a juvenile as an adult. *See State v. Wilson*, 73 Ohio St.3d 40, 44, 652 N.E.2d 196 (1995) (holding that absent a proper bindover procedure the juvenile court has exclusive subject-matter jurisdiction over any case concerning a child who

is alleged to be delinquent); *State v. Amos*, 1st Dist. Hamilton No. C-150265, 2016-Ohio-1319, ¶ 28 (noting that jurisdictional defects cannot be waived by a subsequent guilty plea in adult court).

{¶**32**}  But again, our record is silent as to what transpired in the juvenile court and does not reflect any claimed defect in the trial court's subject-matter jurisdiction.  The fifth assignment of error is overruled.

{¶**33**}  We note, however, that a judgment imposed by a court that lacks subject-matter jurisdiction is void.  *See State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27. And while a trial court's jurisdiction over a criminal case is limited after it renders judgment, it retains jurisdiction to correct a void judgment.  *See State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 23; *State v. Gilbert*, 1st Dist. Hamilton No. C-110382, 2013-Ohio-238, ¶ 6.

### IV. Conclusion

{¶**34**}  Having overruled each of Johnson's six assignments of error, we affirm the judgment of the trial court.

Judgment affirmed.

**ZAYAS** and **MILLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.