[Cite as *In re B.R.*, 2023-Ohio-1642.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| IN RE: B.R.,  A MINOR CHILD. | : | APPEAL NOS. C-220309 |
| | | C-220310 |
| | : | C-220311 |
| | : | TRIAL NOS. 18-3608Z |
| | | 18-3609Z |
| | : | 18-3610Z |
| | : | *O P I N I O N.* |


Appeals From:   Hamilton County Juvenile Court

Judgment Appealed From Is:  Affirmed

Date of Judgment Entry on Appeal: May 17, 2023


*Office of the Ohio Public Defender Lauren Hammersmith*, Assistant State Public Defender, for Defendant-Appellant,

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Alex Scott Halvin*, Assistant Prosecuting Attorney, for Plaintiff-Appellee.

**KINSLEY, Judge.**

{¶1}   Defendant-appellant B.R. appeals from the juvenile court's order denying his motion to vacate his classification as a Public Registry Qualified Juvenile Offender Registrant ("PRQJOR").

{¶2}   In his sole assignment of error, B.R. argues the juvenile court erred in denying his motion, because it classified B.R. as a PRQJOR pursuant to R.C. 2152.86, which the Ohio Supreme Court has held is unconstitutional.  Following our review of the record, we hold the juvenile court's classification of B.R. as a PRQJOR was a clerical error, which the juvenile court corrected nunc pro tunc. Accordingly, the judgment of the juvenile court is affirmed.

### *Factual and Procedural Background*

{¶3}   On July 23, 2018, four complaints were filed in the Hamilton County Juvenile Court alleging that then 17-year-old B.R. was delinquent for committing three counts of gross sexual imposition under R.C. 2907.05, felonies of the third degree if committed by an adult.  B.R. entered admissions and was adjudicated delinquent of all offenses on December 18, 2018.

{¶4}   The juvenile court held a hearing on disposition and classification on January 31, 2019.  At the hearing, the juvenile court committed B.R. to the legal custody of the Department of Youth Services ("DYS") for a minimum period of six months and a maximum period not to exceed B.R.'s attainment of 21 years. Additionally, the juvenile court found that B.R. was a serious youthful offender but stayed the adult portion of this dispositional sentence pending B.R.'s successful completion of the juvenile dispositions imposed.  The juvenile court also concluded,

"the most appropriate classification would be the Tier III with the public registration qualified juvenile registrant subject to community notifications."

{¶5} Following the hearing, the juvenile court classified B.R. as a Tier III public registrant with community notification in its January 31, 2019 judicial entry, and the accompanying "Explanation of Duties to Register as a Juvenile Offender Registrant or Child Victim Offender" form listed B.R. as a PRQJOR.

{¶6} But on February 4, 2019, the juvenile court amended its January 31, 2019 judicial entry by setting aside the January 31, 2019 juvenile-sex-offender registration classification. The juvenile court did not specify why the January 31, 2019 classification was set aside.

{¶7} On April 11, 2019, B.R. returned to the juvenile court for another hearing. In its subsequent judicial entry, the juvenile court authorized DYS to transfer B.R. to the Paint Creek Youth Center and classified B.R. as a Tier III public registrant with community notification. But B.R. was against listed as a PRQJOR in the accompanying "Explanation of Duties" form.

{¶8} B.R. moved to vacate his classification as a PRQJOR. In its June 2, 2022 order, the juvenile court denied B.R.'s motion and held it only classified B.R. as a Tier III sex offender with community notification. The juvenile court noted the PRQJOR classification on the "Explanation of Duties" form was a clerical error, which it corrected nunc pro tunc. B.R. now appeals from this order.

### *PRQJOR Classification*

{¶9} In his sole assignment of error, B.R. argues the juvenile court erred in denying his motion to vacate his PRQJOR status.

3

**{¶10}** Crim.R. 36 provides, "Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission may be corrected by the court at any time." A court may correct clerical errors in judgment entries so that the record speaks the truth. *State ex rel. DeWine v. Burge*, 128 Ohio St.3d 236, 2011-Ohio-235, 943 N.E.2d 535, ¶ 17. "Nunc pro tunc entries are limited in proper use to reflecting what the court actually decided, not what the court might or should have decided." (Internal quotation marks omitted and alterations in original.) *Id.*

**{¶11}** In its April 11, 2019 judicial entry, the juvenile court classified B.R. as a Tier III sex offender with community notification. The sole reference to B.R.'s PRQJOR classification came in the accompanying "Explanation of Duties" form, not the entry itself. Further, even though the April 11, 2019 hearing transcript was not included in the record on appeal, B.R.'s account of this hearing confirms the juvenile court only classified B.R. as a Tier III sex offender with community notification at this hearing. And as the state correctly notes, we must presume the regularity of the juvenile court's proceedings "[w]hen the appellant has failed in his duty to ensure that the record on appeal includes the items necessary to the resolution of the assigned errors." *State v. Johnson*, 1st Dist. Hamilton No. C-170612, 2019-Ohio-287, ¶ 23, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980).

**{¶12}** The juvenile court's April 11, 2019 judicial entry confirms it did not intend to classify B.R. as a PRQJOR. The PRQJOR classification in the accompanying "Explanation of Duties" form was a mere clerical error. The juvenile court's

subsequent nunc pro tunc entry, therefore, properly reflected what the court actually decided but recorded improperly.

{**¶13**} Because the juvenile court's nunc pro tunc entry eliminated any references to B.R.'s classification as a PRQJOR, the juvenile court did not err in denying B.R.'s motion to vacate his classification.  B.R.'s sole assignment of error is accordingly overruled.  The judgment of the juvenile court is affirmed.

Judgment affirmed.

**ZAYAS, P.J.,** and **BOCK, J.,** concur**.**

Please note:
    The court has recorded its own entry on the date of the release of this opinion.