[Cite as *State v. Mack*, **2015-Ohio-4148.**]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 14 MA 82 |
| V. | ) | |
| | ) | OPINION |
| DARRL A. MACK, JR., | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Court of Common
                             Pleas of Mahoning County, Ohio
                             Case No. 14CR65

JUDGMENT:                    Reversed and Remanded

APPEARANCES:
For Plaintiff-Appellee       Paul Gains
                             Prosecutor
                             Ralph M. Rivera
                             Assistant Prosecutor
                             21 W. Boardman St., 6th Floor
                             Youngstown, Ohio 44503-1426

For Defendant-Appellant      Charlyn Bohland
                             Assistant State Public Defender
                             250 East Broad St., Suite 1400
                             Columbus, Ohio 43215

JUDGES:

Hon. Gene Donofrio
Hon. Mary DeGenaro
Hon. Carol Ann Robb

                                           Dated: October 2, 2015

DONOFRIO, P.J.

{¶1}   Defendant-appellant Darrl A. Mack Jr. appeals from his conviction and sentence for aggravated robbery and aggravated burglary entered in the Mahoning County Common Pleas Court.

{¶2}   On November 1, 2013, a three-count delinquency complaint was filed against 16-year-old Mack. Two counts were for offenses that if he were an adult would have constituted aggravated robbery in violation of R.C. 2911.01(A)(1), first-degree felonies. One count was for an offense that if he were an adult would have constituted aggravated burglary in violation of R.C. 2911.11, a first-degree felony. All three counts contained firearm specifications.

{¶3}   The juvenile court appointed counsel and Mack entered pleas of denial to the complaint. Subsequently, Mack waived the right to a probable cause hearing and stipulated to probable cause. Pursuant to the mandatory transfer statute, the juvenile court transferred Mack's case to the adult court.

{¶4}   Once in adult court, Mack reached a plea agreement with the state. Mack agreed to plead guilty to one count each of aggravated robbery and aggravated burglary. In exchange, the state agreed to dismiss all other charges since they would have merged with the aggravated robbery and aggravated burglary offenses to which Mack was pleading guilty. The state also agreed to recommend consecutive terms of four years in prison for each of the offenses for an aggregate term of eight years, and that it would not oppose an application for judicial release when Mack becomes eligible in four and half years. More importantly, the state dismissed the firearm specifications because the instrument Mack used in the commission of the offenses turned out to be a starter pistol which was incapable of shooting a projectile.

{¶5}   On June 2, 2014, the trial court sentenced Mack in accordance with the state's recommendation. This appeal followed.

{¶6}   Mack raises two assignments of error. Mack's first assignment of error states:

The court erred when it failed to sentence Darrl A. Mack, Jr. in accordance with R.C. 2152.121. (A-1; 4/9/2014 T.pp.9, 14; 6/2/2014

T.pp.10-11; June 4, 2014 Judgment Entry of Sentence, pp.1-2).

**{¶7}** Mack argues that plain error occurred when the adult court did not stay his adult sentence and remand his case back to the juvenile court after he was convicted of offenses that were not subject to a mandatory transfer.

**{¶8}** Juvenile courts have exclusive initial subject matter jurisdiction over any case involving a child alleged to be delinquent for having committed an act that would constitute a felony if committed by an adult. *State v. Golphin*, 81 Ohio St.3d 543, 545, 692 N.E.2d 608 (1998). If a juvenile offender meets defined criteria, the juvenile court may, or in specific cases shall, transfer the case to the general division of the common pleas court. In specified situations, transfer to the general division is mandatory. R.C. 2151.26(B).

**{¶9}** The present case initially presented a mandatory transfer situation. R.C. 2152.10(A)(2)(b) states that a delinquent child is eligible for mandatory transfer when the child is charged with a "category two offense," the child was sixteen years or older at the time of the commission of the offense, and "[t]he child is alleged to have had a firearm on or about the child's person * * * and to have displayed the firearm, brandished the firearm, indicated possession of the firearm, or used the firearm to facilitate the commission of the act charged." Category two offenses include the offenses Mack was charged with here – aggravated robbery and aggravated burglary. R.C. 2152.02(CC)(1).

**{¶10}** All of the aggravated robbery and aggravated burglary charges brought against Mack in the juvenile court included firearm specifications, which made him eligible for mandatory transfer to the adult court. R.C. 2152.10(A)(2)(b). The juvenile court then had to apply R.C. 2152.12(A) to determine whether the cases had to be transferred to the adult court.

**{¶11}** The juvenile court "shall" transfer the case to the adult court if the child was sixteen or seventeen years of age at the time of the act charged and mandatory transfer of the case is required upon probable cause to believe that the child committed the act charged. R.C. 2152.12(A)(1)(b)(ii); R.C. 2152.10(A)(2)(b). Here,

Mack stipulated to probable cause and the juvenile court properly transferred the case to adult court.

**{¶12}** But the fact that the juvenile court properly transferred the case to adult court does not end the inquiry. Whether the charges were properly transferred from the juvenile court to the adult court is a different question than whether the adult court could subsequently impose sentences on all of the offenses. R.C. 2152.121(B) governs what the adult court must do once a juvenile has been found guilty of an offense in adult court that previously was transferred from juvenile court.

**{¶13}** R.C. 2152.121(B) provides, in part:

> If a complaint is filed against a child alleging that the child is a delinquent child, if the case is transferred pursuant to division (A)(1)(a)(i) or (A)(1)(b)(ii) of section 2152.12 of the Revised Code, and if the child subsequently is convicted of or pleads guilty to an offense in that case, the sentence to be imposed or disposition to be made of the child shall be determined as follows:
>
> (1) The court * * * shall determine whether * * * division (A) of section 2152.12 of the Revised Code would have required mandatory transfer of the case or division (B) of that section would have allowed discretionary transfer of the case.
>
> (2) If the court in which the child is convicted of or pleads guilty to the offense determines under division (B)(1) of this section that, had a complaint been filed in juvenile court alleging that the child was a delinquent child for committing an act that would be that offense if committed by an adult, division (A) of section 2152.12 of the Revised Code would not have required mandatory transfer of the case, and division (B) of that section would not have allowed discretionary transfer of the case, the court shall transfer jurisdiction of the case back to the juvenile court that initially transferred the case, the court and all other agencies that have any record of the conviction of the child or the

child's guilty plea shall expunge the conviction or guilty plea and all records of it, the conviction or guilty plea shall be considered and treated for all purposes other than as provided in this section to have never occurred, the conviction or guilty plea shall be considered and treated for all purposes other than as provided in this section to have been a delinquent child adjudication of the child, and the juvenile court shall impose one or more traditional juvenile dispositions upon the child under sections 2152.19 and 2152 .20 of the Revised Code.

(3) If the court in which the child is convicted of or pleads guilty to the offense determines under division (B)(1) of this section that, had a complaint been filed in juvenile court alleging that the child was a delinquent child for committing an act that would be that offense if committed by an adult, division (A) of section 2152.12 of the Revised Code would not have required mandatory transfer of the case but division (B) of that section would have allowed discretionary transfer of the case, the court shall determine the sentence it believes should be imposed upon the child under Chapter 2929. of the Revised Code, shall impose that sentence upon the child, and shall stay that sentence pending completion of the procedures specified in this division. Upon imposition and staying of the sentence, the court shall transfer jurisdiction of the case back to the juvenile court that initially transferred the case and the juvenile court shall proceed in accordance with this division. * * *

(4) If the court in which the child is convicted of or pleads guilty to the offense determines under division (B)(1) of this section that, had a complaint been filed in juvenile court alleging that the child was a delinquent child for committing an act that would be that offense if committed by an adult, division (A) of section 2152.12 of the Revised Code would have required mandatory transfer of the case, the court

shall impose sentence upon the child under Chapter 2929. of the Revised Code.

**{¶14}** Thus, R.C. 2152.121(B) envisions three possible scenarios where a juvenile who has been transferred to adult court has been convicted or pleads guilty to an offense. One, if the offense would not have required mandatory transfer and would not have allowed for discretionary transfer, the adult court must transfer the case back to juvenile court for adjudication. R.C. 2152.121(B)(2). Two, if the offense would not have required mandatory transfer but would have allowed for discretionary transfer, the adult court must impose sentence, stay the sentence, and return the case to juvenile court. R.C. 2152.121(B)(3). The juvenile court then has two options: (1) return the case back to adult court or (2) impose a serious youthful offender dispositional sentence along with a traditional delinquent child adjudication. R.C. 2152.121(B)(3)(a), (b). Three, if the offense would have required mandatory transfer, the adult court imposes sentence upon the child as it would normally sentence an adult defendant before it. R.C. 2152.121(B)(4).

**{¶15}** Here, Mack's convictions involve aggravated robbery and aggravated burglary offenses with no firearm specifications. Each of these offenses is one which would not have required mandatory transfer but would have allowed for discretionary transfer. Consequently, the trial court was required to impose sentence, stay the sentence, and return the case to juvenile court. R.C. 2152.121(B)(3). The trial court failed to make the required determination, stay the sentence, or return the case to the juvenile court. Thus, the trial court's failure to follow the plain language of R.C. 2152.121 constitutes plain error. *Ohio v. Brookshire*, 2d Dist. No. 25859, 2014-Ohio-4858.

**{¶16}** Accordingly, Mack's first assignment of error has merit.

**{¶17}** Mack's second assignment of error states:

Darrl A. Mack, Jr. received ineffective assistance of counsel, as guaranteed by the Sixth and Fourteenth Amendments to the U.S.

Constitution; and, Article I, Section 10, Ohio Constitution. (A-1; 4/9/2014 T.pp.9, 14; 6/2/2014 T.pp.10-11; June 4, 2014 Judgment Entry of Sentence, pp.1-2).

**{¶18}** Mack argues that his trial counsel's performance was deficient because he failed to inform the court about the process in R.C. 2152.121 and object when the trial court did not stay the sentence and transfer the case back to juvenile court in accordance with those procedures. The State has filed a confession of judgment agreeing with Mack that his trial counsel's failure to bring to the trial court's attention the procedure outlined in R.C. 2152.121 amounted to a violation of his right to counsel.

**{¶19}** Based on our resolution of Mack's first assignment of error and since the error in the proceedings below clearly constituted plain error, his second assignment of error has been rendered moot. App.R. 12(A)(1)(c).

**{¶20}** The judgment of the trial court is reversed and the case remanded for further proceedings according to law and consistent with this court's opinion.

DeGenaro, J., concurs.

Robb, J., concurs.