[Cite as *State v. Cockrell*, 2016-Ohio-5797.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-150497 |
| | | TRIAL NO. B-1403020(B) |
| Plaintiff-Appellee, | : | |
| | | *O P I N I O N.* |
| vs. | : | |
| LASHAWN COCKRELL, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Affirmed and Cause Remanded

Date of Judgment Entry on Appeal:  September 14, 2016

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Sean M. Donovan*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*The Office of the Ohio Public Defender* and *Sheryl Trzaska*, Assistant State Public Defender, for Defendant-Appellant.

**MOCK, Judge.**

{¶1} Three complaints were filed in the juvenile court against defendant-appellant Lashawn Cockrell alleging that he was a delinquent child. The first complaint alleged that Cockrell, who was 17 years old at the time, had engaged in conduct that, if committed by an adult, would have constituted aggravated robbery. The second complaint alleged that he had engaged in conduct that would have constituted aggravated robbery against a second victim. The aggravated-robbery complaints also alleged two firearm specifications. The third complaint alleged that he had engaged in conduct that would have constituted carrying a concealed weapon. While all three complaints alleged offenses that arose from a single nucleus of operative facts, filing them separately caused the juvenile court to assign the complaints to three separate case numbers. Pursuant to Juv.R. 30(A), the state filed petitions in each case asking the juvenile court to bind Cockrell's cases over to the general division of the common pleas court for prosecution as an adult. At the hearing, the juvenile court found that probable cause existed for each allegation and transferred jurisdiction over all three charges.

{¶2} Cockrell was indicted by the grand jury. In addition to the three charges for which jurisdiction had been transferred, the grand jury also found probable cause to believe that Cockrell had committed two counts of robbery and one count of felonious assault. Cockrell later entered into a plea agreement, whereby he pleaded guilty to two counts of robbery with accompanying three-year firearm specifications, felonious assault with a three-year firearm specification, and carrying a concealed weapon. The remaining counts were dismissed, and Cockrell received an agreed-upon sentence of five years in prison, the minimum term available.

{¶3}  In four assignments of error, Cockrell now appeals his convictions. He first argues that the juvenile court erred when it found that his charges were subject to mandatory transfer.  He next argues that the mandatory-transfer provisions in R.C. 2152.10 and 2152.12 are unconstitutional.  Cockrell's third assignment of error alleges that the trial court failed to properly award him jail-time credit.  He then argues that trial counsel was ineffective.  We conclude that the trial court erred when it failed to properly award jail-time credit.  We affirm the trial court's judgment in all other aspects.

### Armed Robbery in Clifton Leads to Traffic Stop and Arrest

{¶4}  On April 30, 2014, Michael Frank and Holly Gruber were approached by two individuals carrying guns.   The individuals pointed their guns at the heads of Frank and Gruber and ordered them to the ground.  Frank was punched in the face and kicked once he was down.  Two more individuals then joined the two holding Frank and Gruber at gunpoint.  Frank did not see if the second pair was armed.  Gruber's cell phone and purse were taken, Frank gave the robbers his cell phone.  The four ran to a waiting vehicle, which was being driven by a fifth individual.

{¶5}  Frank and Gruber waved to a nearby police cruiser, told the officer what had happened, and gave a description of the car.  A vehicle matching the description was stopped a short distance away.  There were five males in the car, three in the back seat. After the five individuals had been safely removed from the car, officers searched the vehicle.  After sliding the front seats forward, they found four operable handguns under the seats—two under the driver's seat and two under the front passenger seat.  The police also recovered the stolen items from the same area.  Officers identified Cockrell as one of the individuals in the back seat.

3

**Juvenile Court Properly Transferred**
**Cockrell's Charges**

{¶6}    In his first assignment of error, Cockrell claims that the trial court improperly transferred the charges against him to the general division of the common pleas court.   He first argues that the record fails to support the juvenile court's conclusion that probable cause existed that Cockrell had committed the offenses charged.   He then argues that the juvenile court erred by transferring his carrying-a-concealed-weapon charge without first conducting an amenability hearing.

{¶7}    The juvenile court has exclusive original jurisdiction to hear complaints alleging that a juvenile is a delinquent child by reason of having committed an offense that would be a crime if committed by an adult.   *In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-599, 923 N.E.2d 584, ¶ 11; R.C. 2151.23(A).   However, R.C. 2152.10(A) provides that, under certain circumstances, a juvenile court must transfer the case to adult court for criminal prosecution "as provided in section 2152.12 of the Revised Code."   The juvenile court must transfer the case to the general division if the child is 16 or 17, he or she has committed a category two offense, and is alleged

> to have had a firearm on or about the child's person or under the child's
>
> control while committing the act charged and to have displayed the
>
> firearm, brandished the firearm, indicated possession of the firearm, or
>
> used the firearm to facilitate the commission of the act charged.

R.C.  2152.10(A)(2)(b).    Aggravated  robbery  is  a  category  two  offense.  R.C. 2152.02(CC)(1).

{¶8}    For the juvenile court to transfer a case to the general division of the common pleas court pursuant to the mandatory-transfer scheme, the juvenile court must conclude that there is probable cause to believe that the juvenile has committed one or more qualifying offenses.   *See* Juv.R. 30(B).   To establish probable cause, the

4

state must present "evidence that raises more than a mere suspicion of guilt, but it need not produce evidence proving guilt beyond a reasonable doubt." *State v. Washington*, 1st Dist. Hamilton No. C-130213, 2014-Ohio-4178, ¶ 13. This standard requires the juvenile court to " 'evaluate the quality of the evidence presented by the state in support of probable cause as well as any evidence presented by the respondent that attacks probable cause.' " *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629, ¶ 43, quoting *State v. Iacona*, 93 Ohio St.3d 83, 93, 752 N.E.2d 937 (2001).

{¶9} Ordinarily, "[a] juvenile court's probable-cause determination in a mandatory-bindover proceeding involves questions of both fact and law." *In re A.J.S.* at ¶ 51. A court of appeals will "defer to the trial court's determinations regarding witness credibility, but [shall] review de novo the legal conclusion whether the state presented sufficient evidence to demonstrate probable cause to believe that the juvenile committed the acts charged." *Id.*

{¶10} Cockrell argues that there was no evidence that he had had a gun during the robbery, and thus there was no evidence that he had "displayed, brandished, indicated possession of, or used a firearm" to facilitate the commission of the offenses. The juvenile court received testimony that Cockrell was one of three individuals in the back seat of a vehicle that matched the description of the vehicle Frank had identified as the one in which the men who robbed him had fled. Frank testified that he had been robbed by four individuals, who then had fled to the vehicle and its awaiting driver. He saw firearms in the possession of at least two of the four individuals who had robbed him, but could not say whether the other two had been armed. When the police searched the vehicle, they found four weapons under the seats, at the feet of where Cockrell would have been sitting—one weapon for each of the individuals involved, excluding the driver. *Compare State v. Tukes*, 10th Dist. Franklin No. 99AP-1046, 2000

Ohio App. LEXIS 2870, *11 (June 29, 2000) (no probable cause existed where the only evidence was that the juvenile had not been seen with a gun, and he and his accomplices had one gun between them). While this evidence alone might not have been sufficient to prove beyond a reasonable doubt that Cockrell had brandished a firearm during the robbery, we conclude that it was sufficient to meet the lesser standard of probable cause.

{¶11} Within this assignment of error, Cockrell also argues that the juvenile court erred when it transferred the carrying-a-concealed-weapon charge without first conducting an amenability hearing. In this case, the police officer who filed the charges against Cockrell filed a separate complaint for each, resulting in the clerk's office creating a separate case number for each charge. Because of this, Cockrell argues that each of the charges is a separate case for the purpose of R.C. 2152.12. We disagree.

{¶12} R.C. 2152.12(A)(1)(b) states that, if a complaint alleges that the child is delinquent by reason of having committed a category two offense, the juvenile court at the hearing shall transfer the case to the general division of the court of common pleas for the juvenile to be tried as an adult. An allegation that a child has committed aggravated robbery while the child had a firearm on or about his person or under his control while committing the act charged and having displayed, brandished, indicated possession of, or used it to facilitate the commission of the act charged constitutes such an offense. *See* R.C. 2152.10(A)(2)(b).

{¶13} Citing a case from the Tenth Appellate District, Cockrell argues that, when mandatory-transfer charges are brought under separate case numbers from discretionary-transfer charges, the discretionary-transfer charges require an amenability hearing. *See State v. Brown*, 2014-Ohio-314, 8 N.E.3d 345 (10th Dist). But, in *Brown*, the mandatory-transfer offenses were committed four days after the conduct that constituted the discretionary-transfer charges, in separate locations involving separate

victims. *See id.* at ¶ 3-6; *see also State v. Brookshire*, 2d Dist. Montgomery No. 25853, 2014-Ohio-1971, ¶ 19 (distinguishing *Brown* on the ground that the offenses "did not arise from the same course of conduct, as the offenses involved two separate acts committed on two separate dates").

{¶14} We have found no case in Ohio that has held that the juvenile court lacks authority to transfer discretionary-bindover charges with mandatory-bindover charges without an amenability hearing simply because the charges were filed under separate case numbers. And we do not believe that the statutes require such a result.

{¶15} The Ohio Revised Code does not define what a "case" is. But we are told that terms not statutorily defined are to be accorded their common or ordinary meaning. R.C. 1.42. *Black's Law Dictionary* 215 (6th Ed. 1990) defines the term "case" as "an aggregate of facts which furnishes occasion for the exercise of the jurisdiction of a court of justice." *See City of Middleburg Hts. v. Quinones*, 8th Dist. Cuyahoga No. 88242, 2007-Ohio-3643, ¶ 92. Thus a case is more than just the mechanics of how it is presented to the court, it has to do with a set of occurrences—united in a common nucleus of operative facts—that form the essence of a case.

{¶16} The language used by the Second Appellate District in a similar case is instructive on this point. In that case, the court analyzed the issue in the context of a juvenile who was also alleged to have been a delinquent child for conduct that would have constituted aggravated robbery and carrying a concealed weapon. *State v. Washington*, 2d Dist. Montgomery No. 20226, 2005-Ohio-6546. The court concluded that

> [b]ecause the alleged aggravated robbery and CCW offenses underlying
> Defendant's two delinquency charges **arose from a common nucleus**
> **of operative facts**, and the juvenile division having properly ordered

7

proceedings on the aggravated robbery charge transferred to the general division pursuant to R.C. 2152.12(A)(1)(b), all further proceedings in the juvenile division on the CCW charge in the "case" were thereafter discontinued per R.C. 2152.12(I) and the juvenile division's jurisdiction was terminated.

(Emphasis added.) *Id.* at ¶ 26.

{¶17} We conclude that the legislature intended to allow the juvenile court to bind over charges that are not mandatory-bindover offenses along with those that are mandatory-bindover offenses as long as the juvenile court has found that there was probable cause to believe that the juvenile committed the mandatory-bindover offenses and the additional charges arose from a common nucleus of operative facts as the offenses for which probable cause was found.

{¶18} In this case, the charge of carrying a concealed weapon and the two aggravated-robbery charges arose out of a common nucleus of operative facts. The complaints all reference the same date, time and location, and all reference the use of a firearm. Therefore, the three complaints constituted a single case for the purposes of R.C. 2152.12. The juvenile court properly transferred the carrying-a-concealed-weapon charge without an amenability hearing, because that offense arose from a common nucleus of operative facts as the two aggravated robberies.

{¶19} We overrule Cockrell's first assignment of error.

### Ohio's Mandatory-Transfer Scheme
### Is Constitutional

{¶20} In his second assignment of error, Cockrell claims that the juvenile court erred in transferring the charges against him to the general division of the common pleas court because Ohio's mandatory-transfer scheme is unconstitutional, in violation

8

of the Due Process and Equal Protection Clauses of the Fourteenth Amendment to the United States Constitution, and Article I, Sections 2 and 16 of the Ohio Constitution. We disagree.

{¶21} This court has previously addressed and rejected these arguments. The mandatory-bindover procedures violate neither the substantive nor procedural protection of the Due Process Clauses of the federal and state constitutions. *State v. McKinney*, 2015-Ohio-4398, 46 N.E.3d 179, ¶ 25 (1st Dist.). Additionally, this court has held that "the mandatory-bindover statutes are rationally related to a legitimate governmental purpose and do not violate equal protection." *Id.* at ¶ 29. For the reasons set forth by this court in *McKinney*, we overrule Cockrell's second assignment of error.

### Trial Court Failed to Properly Award Jail-Time Credit

{¶22} In his third assignment of error, Cockrell argues that the trial court improperly failed to award credit for time served. The state argues that this court does not have jurisdiction to determine the issue, and that it must be raised in the trial court by motion. But this court has stated that the trial court's failure to properly award jail-time credit is an error cognizable on direct appeal. *See State v. Bowden*, 1st Dist. Hamilton No. C-140462, 2015-Ohio-3740, ¶ 18, citing *State v. Hargrove*, 1st Dist. Hamilton No. C-120321, 2013-Ohio-1860, ¶ 8.

{¶23} At the sentencing hearing, the trial court indicated that Cockrell was entitled to 328 days of credit. But the trial court failed to record that in its judgment entry. Crim.R. 36 provides that "[c]lerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time." A clerical error or mistake is "a mistake or omission, mechanical in nature and apparent on the record, which does not involve a legal

9

decision or judgment." *State v. Miller*, 127 Ohio St.3d 407, 2010-Ohio-5705, 940 N.E.2d 924, ¶ 15. To the extent that Cockrell is entitled to an entry that reflects what occurred at his sentencing hearing, we sustain his third assignment of error.

**Counsel Was Not Ineffective**

{¶24} In his fourth assignment of error, Cockrell alleges that counsel was ineffective for failing to raise his constitutional challenges to Ohio's mandatory-bindover scheme, and for failing to raise the issue of the proper award of jail-time credit.

{¶25} Reversal of a conviction or sentence for ineffective assistance of counsel requires that the defendant show that "counsel's performance was deficient" and that "the deficient performance prejudiced the defense * * * so as to deprive the defendant of a fair trial." *Strickland v. Washington*, 466 U.S. 668, 687, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989).

{¶26} Ohio's mandatory-bindover scheme does not violate due process or equal protection. Therefore, a motion raising that argument would have failed. Defense counsel's failure to raise meritless issues does not constitute ineffective assistance of counsel. *See State v. Hill*, 75 Ohio St.3d 195, 211, 661 N.E.2d 1068 (1996).

{¶27} As to his second argument, we have held that the trial court failed to properly award Cockrell's jail-time credit. Therefore, his ineffective-assistance claim, based on the same proposition, is moot. We overrule Cockrell's fourth assignment of error.

**Conclusion**

{¶28} The record reflects that the trial court concluded that Cockrell was entitled to 328 days of jail-time credit, but the trial court did not incorporate its finding into the sentencing entry. We, therefore, remand the matter so that the trial court can

correct this clerical mistake by a nunc pro tunc entry. *See State v. Campbell*, 8th Dist. Cuyahoga No. 99807, 2014-Ohio-493, ¶ 53 (cause remanded for a nunc pro tunc entry where the trial court found the defendant was entitled to a specific number of days of jail-time credit, but failed to record that finding in its sentencing entry). We affirm the trial court's judgment in all other respects.

Judgment affirmed and cause remanded.

**CUNNINGHAM, P.J.,** and **DEWINE, J.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.