[Cite as *In re D.J.*, 2019-Ohio-288.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| IN RE: D.J. | : | APPEAL NOS. C-170615 |
| | | C-170616 |
| | : | TRIAL NOS. 17-3298 |
| | | 17-3299 |
| | : | |
| | : | *O P I N I O N.* |

Appeals From:  Hamilton County Juvenile Court

Judgments Appealed From Are:  Reversed and Cause Remanded in C-170616;
 Appeal Dismissed in C-170615

Date of Judgment Entry on Appeal:  January 30, 2019

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Alex Scott Havlin*, Assistant Prosecuting Attorney, for Appellee State of Ohio,

*Raymond L. Katz,* for Appellant D.J.

**CUNNINGHAM, Presiding Judge.**

{¶1}   In these consolidated appeals, appellant D.J. challenges the decisions of the juvenile court transferring jurisdiction of two delinquency actions to the common pleas court for adult prosecution.  The complaints alleged that when he was 17 years old, D.J. had engaged in behavior that would have constituted aggravated robbery and receiving stolen property if he had been an adult.

{¶2}   Because the aggravated-robbery case was dismissed for want of prosecution by the juvenile court, D.J.'s appeal in C-170615 is not taken from a final order and must be dismissed.  Because, contrary to the juvenile court's finding, the receiving-stolen-property case did not arise from a common nucleus of operative facts with another offense that was arguably subject to mandatory transfer, we hold that the juvenile court erred in transferring that case to the adult court without first considering whether D.J. would be amenable to care or rehabilitation within the juvenile system.

## I.   The Facts of Record

{¶3}   In 2017, at least four complaints were filed against D.J. in the Hamilton County Juvenile Court, each initiating separate delinquency actions. Those complaints alleged that D.J. had committed multiple offenses against separate victims, each perpetrated on a separate day between February and May 2017.  Only two of these delinquency actions are challenged in these consolidated appeals.

{¶4}   One complaint at issue, filed in the case numbered 17-3298, charged D.J. with behavior, committed on April 17, 2017, that would have constituted the aggravated robbery of Darien Green had D.J. been an adult.  The Green aggravated-robbery complaint is the subject of the appeal numbered C-170615.

{¶5}   The second complaint at issue, filed in the case numbered 17-3299, charged D.J. with behavior, committed on May 27, 2017, that would have constituted

receiving the stolen motor vehicle of Ella Washington had D.J. been an adult. That complaint is the subject of the appeal numbered C-170616.

{¶6} For the purposes of these appeals, the only other relevant complaint charged D.J. with behavior, committed on April 23, 2017, that would have constituted the aggravated robbery of Isaiah Woodard had D.J. been an adult, and an accompanying firearm specification.

{¶7} The state moved the juvenile court to relinquish jurisdiction in each case to the adult court pursuant to Juv.R. 30(A). On June 28, 2017, the juvenile court held a joint probable-cause hearing for the alleged offenses. After that hearing, at which Woodard and others testified, including the police officer who had investigated the receiving-stolen-property charge, the juvenile court found probable cause to believe that D.J. had committed each offense except the aggravated robbery of Green. That matter was continued at the state's request because it had not been able to contact the victim.

{¶8} On July 17, 2017, the juvenile court held a joint hearing on whether to transfer jurisdiction of these complaints to the adult court. At the beginning of the hearing, the juvenile court granted the state's motion to dismiss the Green aggravated-robbery complaint without prejudice for want of prosecution. The state had indicated that Green was not available to testify.

{¶9} The juvenile court proceeded with the other complaints, including the Woodard aggravated-robbery complaint. Under R.C. 2152.12, a juvenile who has "committed a qualifying offense and who meets certain age requirements is automatically removed from the jurisdiction of the juvenile division and transferred to the adult court." *State v. Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883, ¶ 2. This transfer of jurisdiction, colloquially known as "mandatory bindover," is reserved "for extraordinary cases, involving older or violent offenders." *Aalim* at ¶ 36. Under a mandatory bindover, the juvenile court is not required to consider

whether the child would be amenable to care or rehabilitation within the juvenile system. *See State v. Cockrell*, 2016-Ohio-5797, 70 N.E.3d 1168, ¶ 7 (1st Dist.).

{¶10} D.J. was 17 years old at the time of the Woodard aggravated robbery. The court found that D.J. had possessed or used a firearm to facilitate the offense, and that probable cause existed to believe that he had committed the offense. Aggravated robbery is a qualifying offense for purposes of mandatory bindover. R.C. 2152.02(BB). Therefore, the juvenile court declared that it was required to transfer jurisdiction over the Woodard aggravated-robbery case to the common pleas court.

{¶11} The juvenile court also found that two other complaints, including the Washington receiving-stolen-property complaint—a nonqualifying offense not ordinarily subject to mandatory bindover—were "in a mandatory posture" based on the Woodard aggravated-robbery case. D.J.'s counsel agreed. Accordingly, the juvenile court immediately transferred jurisdiction over the Washington receiving-stolen-property case to the common pleas court without considering whether D.J. would be amenable to care or rehabilitation within the juvenile system.

{¶12} Two months later, the juvenile court docketed an entry from the common pleas court remanding the case to the juvenile court's jurisdiction under the reverse-bindover procedure identified in R.C. 2151.121(B). That scheme applies when a case initially subject to mandatory bindover results in a conviction in adult court which was subject only to discretionary bindover. The adult court must transfer those cases back to the juvenile court after considering "what the juvenile court would have been required to do with the case[s] if the juvenile had been charged with only those offenses for which convictions were obtained." *State v. D.B.*, 150 Ohio St.3d 452, 2017-Ohio-6952, 82 N.E.3d 1162, ¶ 12.

{¶13} The juvenile court held a hearing and ultimately determined on October 10, 2017, that D.J. was "not amenable to care or rehabilitation within the juvenile system, or that the safety of the community require[d] that [he] be subject

4

solely to adult sanctions." The juvenile court then ordered that jurisdiction be "transferred back" to the common pleas court.

{¶14} On November 6, 2017, in the appeal numbered C-170616, D.J. appealed from this order entered in the Washington receiving-stolen-property case. A juvenile whose delinquency action is transferred to adult court cannot immediately appeal the bindover decision. He must wait until the end of the adult-court proceedings. *In re D.H.*, 152 Ohio St.3d 310, 2018-Ohio-17, 95 N.E.3d 389, ¶ 1.

{¶15} On the same date, D.J. filed a notice of appeal, numbered C-170615, in the case alleging the aggravated robbery of Green.

{¶16} This court consolidated these two appeals for decision. We note that D.J. has brought a separate appeal from the common pleas court challenging his convictions following the bindover. On June 29, 2018, in response to a motion by D.J., this court consolidated these appeals with that separate appeal for purposes of oral argument only. Nothing in that entry did, or could have, added materials filed in the common pleas court to the record certified for our review in these appeals. D.J. ultimately waived oral argument.

## II. No Final Order in Appeal C-170615

{¶17} In the juvenile court case numbered 17-3298, the state sought an adjudication that D.J. was delinquent for actions which would have constituted the aggravated robbery of Green if D.J. were an adult.

{¶18} In the appeal numbered C-170615, D.J. purported to appeal from the juvenile court's entry of "October 24, 2016" transferring jurisdiction over this case to the Hamilton County Common Pleas Court. But the record on appeal does not contain any entry, dated October 24, 2016, or otherwise, transferring jurisdiction. The last substantive entry journalized by the juvenile court in this matter was a July 17, 2017 entry granting the state's motion and dismissing the case for want of prosecution.

{¶19} Under R.C. 2501.02, a court of appeals has jurisdiction to review judgments or final orders of courts of record inferior to the court of appeals, "including the finding, order, or judgment of a juvenile court that a child is delinquent, neglected, abused, or dependent, for prejudicial error committed by such lower court."

{¶20} Here, the juvenile court's entry of dismissal for want of prosecution did not determine that D.J. was delinquent. To the contrary, it left the parties as if the action had never been commenced. The entry ended this delinquency action without affecting D.J.'s substantial rights. *See* R.C. 2505.02(A)(1). Were this action to be renewed, nothing in this entry would deny D.J. effective appellate review in the future. *See Thomasson v. Thomasson*, 153 Ohio St.3d 398, 2018-Ohio-2417, 106 N.E.3d 1239 (holding that an order affects a substantial right for purposes of R.C. 2505.02(B)(2) only if, in the absence of immediate review, the appellant would be denied effective relief in the future). Thus the juvenile court's entry, entered in a special proceeding, was not a final order under R.C. 2505.02(B)(2).

{¶21} We note that while R.C. 2945.67(A) authorizes an appeal from a juvenile court decision that dismisses a delinquency action, that right lies only with the state and not with a juvenile offender. *See State v. Craig*, 116 Ohio St.3d 135, 2007-Ohio-5752, 876 N.E.2d 957, syllabus; *see also In re J.F.*, 2017-Ohio-7675, 97 N.E.3d 999, ¶ 14 (1st Dist.).

{¶22} This court has no jurisdiction over nonfinal orders, and we must dismiss the appeal numbered C-170615. *See In re L.S.*, 1st Dist. Hamilton No. C-140318, 2015-Ohio-1321, ¶ 6, citing *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989).

### III. Appeal From the Transfer of the Receiving-Stolen-Property Case

{¶23} In the appeal numbered C-170616, D.J. principally challenges the juvenile court's July 17, 2017 entry transferring jurisdiction over the Washington

6

receiving-stolen-property case to the common pleas court, and other court rulings that flow from that decision.

### a. A constitutional challenge to mandatory bindover

{¶24} In his first assignment of error, D.J. asserts the juvenile court erred when it transferred this matter to the trial court on grounds that the mandatory-transfer scheme it employed, codified in R.C. 2152.10(A)(2)(B) and 2151.12(A)(1)(b), was unconstitutional. The mandatory bindover of the Woodard aggravated-robbery case was the predicate for the transfer of jurisdiction over the Washington receiving-stolen-property case. Since D.J. did not raise this objection in juvenile court, we review only for plain error. *See* Crim.R. 52(B); *see also State v. Morgan*, 153 Ohio St.3d 196, 2017-Ohio-7565, 103 N.E.3d 784, ¶ 49 (holding that the plain-error standard applied in criminal proceedings applies when errors that are not preserved arise in juvenile-delinquency proceedings).

{¶25} The Ohio Supreme Court has held the statutory scheme that D.J. challenges "complies with due process and equal protection as guaranteed by the Ohio and United States Constitutions." *Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883, at ¶ 38. Since D.J. cannot demonstrate error, much less plain error, the first assignment of error is overruled.

{¶26} In a related assignment of error, D.J. claims that he was denied the effective assistance of counsel when his juvenile court counsel failed to challenge the constitutionality of the bindover procedure as set forth in his first assignment of error. To prevail on this claim, he must first show his counsel's performance was deficient. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 142, 538 N.E.2d 373 (1989), paragraph two of the syllabus.

{¶27} In light of our resolution of the first assignment of error, counsel's failure to raise the constitutional issue was not deficient performance and thus could

not have, on that basis, denied D.J. a reliable and fundamentally fair proceeding. *See In re B.H.*, 1st Dist. Hamilton Nos. C-180108 and C-180109, 2018-Ohio-3350, ¶ 13; *see also Lockhart v. Fretwell*, 506 U.S. 364, 113 S.Ct. 838, 122 L.Ed.2d 180 (1993). The sixth assignment of error is overruled.

### b.  No common nucleus of operative facts

{¶28} In his second assignment of error, D.J. asserts that since the Washington receiving-stolen-property case, a discretionary-bindover offense, did not share a common nucleus of operative facts with the case charging him with the aggravated robbery of Woodard, an offense subject to mandatory bindover, the juvenile court was required to hold a hearing to determine whether D.J. was amenable to rehabilitation in the juvenile system before transferring the case. We agree.

{¶29} The juvenile court possesses exclusive jurisdiction over children alleged to be delinquent for committing acts that would constitute a crime if committed by an adult. *See* R.C. 2151.23(A)(1); *see also In re M.P.*, 124 Ohio St.3d 445, 2010-Ohio-599, 923 N.E.2d 584, ¶ 11. However, under certain circumstances, "the juvenile court has the duty to transfer a case, or bind a juvenile over, to the adult criminal system." *M.P.* at ¶ 11; *see* R.C. 2152.10(A); *Aalim*, 150 Ohio St.3d 489, 2017-Ohio-2956, 83 N.E.3d 883, at ¶ 2.

{¶30} One circumstance requiring mandatory bindover is when the juvenile was 16 or 17 years old at the time he committed the offense, there is probable cause to believe that the juvenile committed a serious offense, identified as a "category two offense," and the juvenile had a firearm in his possession or used it to facilitate the offense. *See* R.C. 2152.10(A)(2)(b) and 2152.12(A)(1)(b)(ii). Aggravated robbery is a category two offense. R.C. 2152.02(BB)(1); *see Cockrell*, 2016-Ohio-5797, 70 N.E.3d 1168, at ¶ 7.

{¶31}  At the conclusion of the July 17, 2017 joint hearing, the juvenile court stated that each of these requirements had been met in the Woodard aggravated-robbery case, and concluded that that case was subject to mandatory bindover.

{¶32} Receiving stolen property, however, is a "non-category," or "discretionary-bindover," offense.  *See State v. Mays*, 2014-Ohio-3815, 18 N.E.3d 850, ¶ 31 (8th Dist.).  Ordinarily, R.C. 2152.12(B) permits a juvenile court to order the transfer of a discretionary bindover delinquency case only if the court has found at a hearing, inter alia, that the child was not amenable to care or rehabilitation within the juvenile system and should be subject to adult sanctions to ensure the safety of the community.  *See State v. Marshall*, 1st Dist. Hamilton No. C-150383, 2016-Ohio-3184, ¶ 12.   But a juvenile court may transfer jurisdiction of a discretionary-bindover delinquency case without an amenability hearing as long as it has found probable cause to believe that the juvenile also committed a mandatory-bindover offense and that both the mandatory-bindover offense and "the additional [discretionary] charges arose from a common nucleus of operative facts." *Cockrell*, 2016-Ohio-5797, 70 N.E.3d 1168, at ¶ 17.  If the cases arise from a common nucleus of operative facts, the juvenile court is relieved of any requirement that R.C. 2152.12(B) otherwise imposes to conduct further hearings or to make findings with respect to the juvenile's eligibility to be tried as a juvenile.

{¶33}  As the state now acknowledges, there was no evidence before the juvenile court that the receiving-stolen-property case and the Woodard aggravated-robbery case arose from a common nucleus of operative facts.  Based upon the evidence adduced at the June 28, 2017 probable-cause hearing, the two offenses were committed on different dates, at different locations, against different victims, and without any factual similarity in the manner in which D.J. committed the offenses.

{¶34}  Since the Washington receiving-stolen-property case did not arise from a common nucleus of operative facts shared with an offense that was arguably subject to

9

mandatory transfer, we hold that the juvenile court erred in transferring that case to the adult court without considering whether D.J. would be amenable to care or rehabilitation within the juvenile system. *Cockrell*, 2016-Ohio-5797, 70 N.E.3d 1168, at ¶ 17. "[A]bsent a proper bindover procedure * * * the juvenile court has the exclusive subject matter jurisdiction over any case concerning a child who is alleged to be a delinquent." *State v. Wilson*, 73 Ohio St.3d 40, 44, 652 N.E.2d 196 (1995); *see State v. Amos*, 1st Dist. Hamilton No. C-150265, 2016-Ohio-1319, ¶ 28.

{¶35} The second assignment of error is sustained.

### c. Entries made subsequent to improper transfer were legal nullities

{¶36} In his fifth assignment of error, D.J. challenges the juvenile court's reverse-bindover amenability decision. In an entry dated September 22, 2017, journalized in the record in this appeal, the common pleas court remanded the case to juvenile court under the reverse-bindover procedure. In response to the order of remand, the juvenile court held a hearing in which it found that D.J. was not amenable to rehabilitation in the juvenile system and returned the case for criminal prosecution.

{¶37} In our resolution of the second assignment of error, we held that the juvenile court's July 17, 2017 entry transferring the receiving-stolen-property case to the common pleas court must be reversed. Under the rule of *Wilson*, 73 Ohio St.3d at 44, 652 N.E.2d 196, that entry did not properly transfer jurisdiction. Thus every subsequent entry of record was a legal nullity. *See In re Marshall*, 1st Dist. Hamilton No. C-830874, 1984 WL 6955, *4 (Aug. 15, 1984); *see also State v. Purnell*, 171 Ohio App.3d 446, 2006-Ohio-6160, 871 N.E.2d 613, ¶ 10 (1st Dist.). Since the juvenile court's reverse-bindover amenability ruling was a legal nullity, we do not reach the merits of the fifth assignment of error.

### IV. No Appeal From the Woodard Aggravated Robbery

{¶38} In his fourth assignment of error, D.J. asserts that the juvenile court erred in finding probable cause to believe that he had used a firearm to facilitate the aggravated robbery of Woodard. While D.J. has timely appealed from the Washington receiving-stolen-property action, he has not filed any appeal from the Woodard aggravated-robbery delinquency action, numbered 17-3296. Consequently, this court is unable to address any alleged error in that case.

{¶39} An appeal is commenced only by the timely filing of a notice of appeal. *See* App.R. 3(A). The failure to file a notice of appeal deprives an appellate court of jurisdiction to review a lower court's actions. *See State v. Hamberg*, 2015-Ohio-5074, 53 N.E.3d 918, ¶ 8 (1st Dist.); *see also State ex rel. Curran v. Brookes*, 142 Ohio St. 107, 50 N.E.2d 995 (1943), paragraph seven of the syllabus. "In our adversary system, in both civil and criminal cases, in the first instance on appeal, we follow the principle of party presentation. That is, we rely on the parties to frame the issues for decision * * * ." *Greenlaw v. United States,* 554 U.S. 237, 243-245, 128 S.Ct. 2559, 171 L.Ed.2d 399 (2008).

{¶40} Because D.J. has not appealed from the Woodard aggravated-robbery delinquency action, we are unable to address any alleged error in that case. *See Hamberg* at ¶ 8*; see also State v. Harmon*, 9th Dist. Summit No. 26502, 2013-Ohio-1769, ¶ 14. Thus we do not address the merits of D.J.'s fourth assignment of error.

### V. The Criminal Prosecution

{¶41} Finally, in his third assignment of error, D.J. asserts that the "general division of the common pleas court erred * * * when, lacking subject matter jurisdiction, it imposed sentence in appellant's cases." Because this appeal is taken only from the Washington receiving-stolen-property case, we have authority to address errors raised in that case only. *See Hamberg*, 2015-Ohio-5074, 53 N.E.3d 918, at ¶ 8.

{¶42} The common pleas court's judgment "impos[ing] sentence" in this case, however, is not part of the record on appeal. *See* App.R. 9(A). Appellate review is strictly limited to the record on appeal. *See Morgan v. Eads*, 104 Ohio St.3d 142, 2004-Ohio-6110, 818 N.E.2d 1157, ¶ 13; *see also State v. Bumu*, 1st Dist. Hamilton No. C-160492, 2017-Ohio-6901, ¶ 13.

{¶43} D.J. has not appealed from or included any common pleas court entry imposing sentence in the record here. *Compare In re D.M.*, 6th Dist. Lucas No. L-16-1237, 2017-Ohio-8768, ¶ 5 (appellant challenging juvenile court's transfer of jurisdiction appealed from both the juvenile court case containing the transfer orders, and from the criminal judgment of conviction); *see also State v. Marshall*, 1st Dist. Hamilton No. C-150383, 2016-Ohio-3184 (appellant included the original papers filed in the juvenile court in the record on appeal from his criminal prosecution following a transfer of jurisdiction). Since D.J. has not ensured that the record on appeal includes the items necessary to review this claimed error, we presume regularity. *See Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980). The third assignment of error is overruled.

## VI. Conclusion

{¶44} Since D.J. has not appealed from a final order in the appeal numbered C-170615, that appeal is dismissed.

{¶45} Having sustained D.J.'s second assignment of error, in the appeal numbered C-170616, holding that the juvenile court erred in transferring jurisdiction to the common pleas court on July 17, 2017, we vacate that order, and remand the matter to the juvenile court for further proceedings consistent with law and this opinion.

{¶46} We note that, in light of our resolution of the second assignment of error, any exercise of subject-matter jurisdiction by the common pleas court would have been predicated upon the juvenile court's improper transfer of jurisdiction. *See*

*Wilson*, 73 Ohio St.3d at 44, 652 N.E.2d 196. A judgment imposed by a court that lacks subject-matter jurisdiction is void. *See State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, 873 N.E.2d 306, ¶ 27. And while a trial court's jurisdiction over a criminal case is limited after it renders judgment, it retains jurisdiction to correct a void judgment *See State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 23; *State v. Gilbert*, 1st Dist. Hamilton No. C-110382, 2013-Ohio-238, ¶ 6.

Judgment accordingly.

**ZAYAS** and **MILLER, JJ.,** concur.

Please note:

The court has recorded its own entry on the date of the release of this opinion.