[Cite as *State v. McCray*, 2023-Ohio-4814.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO


| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-230061 |
| | | TRIAL NO. B-2200632-B |
| Plaintiff-Appellee, | : | |
| vs. | | *O P I N I O N.* |
| | : | |
| DIMAREON MCCRAY, | | |
| | : | |
| Defendant-Appellant. | : | |


Criminal Appeal From: Hamilton County Court of Common Pleas

Judgment Appealed From Is: Vacated

Date of Judgment Entry on Appeal: December 29, 2023


*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Ravert J. Clark,* for Defendant-Appellant.

**BOCK, Judge.**

**{¶1}** In 2002, state lawmakers changed juvenile sentencing in Ohio by enacting the serious youthful offender ("SYO") sentencing law. Under this framework, a child adjudicated delinquent and deemed a "serious youthful offender" receives an SYO disposition—a blended sentence consisting of both an adult sentence and a juvenile disposition. Though the adult sentence is deferred pending the successful completion of the juvenile disposition, it can be invoked under specific circumstances. In 2011, state lawmakers integrated Ohio's SYO framework into the statutory process of transferring jurisdiction (commonly referred to as a "bindover") of a child's case to an adult court. In its current form, a child whose case is bound over to the adult court remains eligible for an SYO dispositional sentence if, following a conviction in the adult court, the case satisfies the statutory criteria for a "reverse bindover" and the adult court transfers jurisdiction of the case back to the juvenile court.

**{¶2}** Defendant-appellant Dimareon McCray appeals the adult court's judgment, which imposed an adult sentence after the juvenile court determined, following an objection by the state, that McCray was not amenable to care or rehabilitation in the juvenile system. He argues that the juvenile court, following a reverse bindover, should not have considered the state's untimely-filed objection to the SYO.

**{¶3}** But because McCray was convicted in the adult court for an offense that would have been subject to a mandatory bindover under R.C. 2152.121(A)(1)(b)(ii) had it been alleged in a delinquency complaint, the adult court lacked authority to transfer jurisdiction of his case back to the juvenile court. Therefore, we vacate the adult court's reverse bindover of the case and all subsequent orders.

2

## I. Facts and Procedure

{¶4}   This case began in the juvenile court with a complaint alleging that 17-year-old McCray was delinquent for acts that, if committed by an adult, would have constituted felony murder in violation of R.C. 2903.02(B). The complaint included two firearm specifications. After a hearing, the juvenile court determined that probable cause existed to believe that McCray committed the alleged acts and transferred the case to the adult court as mandated by R.C. 2152.12(A)(1)(a)(i).

{¶5}   In the adult court, McCray was indicted for one count of felony murder in violation of R.C. 2903.02(B) and two counts of felonious assault in violation of R.C. 2903.11(A)(1) and (2). Four gun specifications accompanied each count in the indictment. McCray initially pleaded not guilty to all charges.

{¶6}   Eventually, McCray withdrew his not-guilty pleas and entered a guilty plea per an agreement with the state. In exchange for McCray's guilty plea, the state reduced the felony-murder charge to an involuntary-manslaughter charge with a firearm specification and dismissed the two felonious-assault charges. All told, McCray pleaded guilty to involuntary manslaughter in violation of R.C. 2903.04(A)(2) and the fourth firearm specification in the indictment. According to that specification, McCray "had a firearm on or about his person or under his control while committing the offense of [involuntary manslaughter] and displayed the firearm, brandished the firearm, indicated that he possessed the firearm or used it to facilitate the offense."

{¶7}   At a hearing, the adult court accepted his plea and sentenced McCray to "six to nine years in the Ohio Department of Corrections plus the accompanying three-year gun specification that must run prior to and consecutive with the underlying involuntary manslaughter for a total of 9 to 12 years."

3

**{¶8}** The adult court stayed McCray's sentence and transferred jursidiction back to the juvenile court to hold a hearing to determine whether to impose an SYO disposition. The adult court based its "reverse bindover" on its finding that McCray's conviction "would not result in a mandatory transfer to adult court if the case were presently in juvenile court" under R.C. 2152.121(B)(3).

**{¶9}** The state failed to object to the imposition of an SYO disposition within 14 days after the adult court's transfer order as required by R.C. 2152.121(B)(3)(b). But the juvenile court granted the state's request for an extension to submit an untimely objection. After a hearing, the juvenile court found that McCray was not amenable to rehabilitation in the juvenile system and transferred jurisdiction back to the adult court, which subsequently imposed the 9-to-12-year sentence.

**{¶10}** McCray appeals in a single assignment of error.

## II. Law and Analysis

**{¶11}** McCray argues that the juvenile court lacked authority under R.C. 2152.121(B)(3) to grant the state's untimely objection to the SYO disposition. But first, we must consider the state's jurisdictional argument. The state maintains that the adult court's reverse bindover was not a proper transfer of jurisdiction under R.C. 2152.121(B).

### *Bindover and reverse-bindover procedures*

**{¶12}** The statutes governing bindovers and reverse bindovers set forth procedures for cases like McCray's, where a child pleads guilty to an offense in the adult court that was not alleged in the delinquency complaint filed in the juvenile court. In this case, McCray pleaded guilty to a less serious offense than what was alleged in the complaint filed in the juvenile court.

4

**{¶13}** When a child in adult court pleads guilty to, and is convicted of, offenses that were not alleged in the delinquency complaint, the adult court must consider how the juvenile's case would have been treated if the delinquency complaint had contained only those charges for which the juvenile was convicted. *State v. D.B.,* 150 Ohio St.3d 452, 2017-Ohio-6952, 82 N.E.3d 1162, ¶ 12. The adult court must determine whether the juvenile court would have been required to transfer jurisdiction of the case to the adult court under R.C. 2152.12(A), or if the juvenile court would have had discretion whether to transfer jurisdiction of the case under R.C. 2152.12(B). *Id.* "In other words, the trial court must determine what the juvenile court *would have been required to do* with the case if the juvenile had been charged with only those offenses for which convictions were obtained." (Emphasis in original.) *Id.*

**{¶14}** Reverse bindovers are codified in R.C. 2152.121(A), which instructs the adult court to transfer jurisdiction of a child's case back to the juvenile court to impose a disposition when the offenses for which the child was convicted, "had they been delinquency charges, would have subjected the juvenile's case only to discretionary, rather than mandatory, transfer proceedings." R.C. 2152.121(A); *see D.B* at ¶ 13. In these instances, the adult court must sentence the child, stay that sentence, and transfer jurisdiction of the case back to the juvenile court. R.C. 2152.121(B)(3). In turn, the juvenile court must "impose a serious youthful offender dispositional sentence," unless the state files a timely objection. R.C. 2152.121(B)(3)(a)-(b). If the state timely objects, the court must hold an amenability hearing. R.C. 2152.121(B)(3)(b). If the juvenile court determines that the child is "not amenable to care or rehabilitation within the juvenile system or that the safety of the community may require" adult sanctions, the juvenile court must transfer the case back to the adult court to impose the adult sentence. R.C. 2152.121(B)(3)(b).

5

**{¶15}** But when a child is convicted for an offense that would have required a mandatory bindover if alleged in a delinquency complaint, the adult court "shall impose sentence on the child under Chapter 2929 of the Revised Code." R.C. 2152.121(B)(4). In other words, when "the offense would have required mandatory transfer, the adult court imposes sentence upon the child as it would normally sentence an adult defendant before it." *State v. Mack*, 7th Dist. Mahoning No. 14 MA 82, 2015-Ohio-4148, ¶ 14.

### *The juvenile court never regained jurisdiction over McCray's case*

**{¶16}** The issue is whether the juvenile court regained jurisdiction over McCray's case. That jurisdictional transfer depends on whether McCray was convicted for an offense that would have been subject to a mandatory or discretionary bindover.

**{¶17}** McCray pleaded guilty to manslaughter in violation of R.C. 2903.04(A) and the fourth firearm specification. The state maintains that R.C. 2152.12(A)(1)(b)(ii) and 2152.10(A)(2)(b) would have required a mandatory transfer of the case. Under those statutes, the juvenile court must transfer a case when the child "was 16 or 17 years old at the time he committed the offense, there is probable cause to believe that the [child] committed a serious offense, identified as a 'category two offense,' and the [child] had a firearm in his possession or used it to facilitate the offense." *In re D.J.,* 1st Dist. Hamilton Nos. C-170615 and C-170616, 2019-Ohio-288, ¶ 30.

**{¶18}** First, McCray was 17 years old at the time of the offense. Second, McCray pleaded guilty to manslaughter in violation of R.C. 2903.04(A), a first-degree felony, which constitutes a category two offense under R.C. 2152.02(BB)(2). Third, he pleaded guilty to the fourth specification to count one in the indictment, that he "had a firearm on or about his person or under his control while committing the offense * * * and displayed the firearm, brandished the firearm, indicated that he possessed the

firearm, or used it to facilitate the offense." As such, McCray pleaded guilty to an offense that would have required a mandatory transfer of the case under R.C. 2152.12(A)(1)(b)(ii).

**{¶19}** In response, McCray insists that he did not have a firearm on or about his person at the time of the offense. Instead, he argues that he was merely an accomplice and accomplice liability cannot serve as the basis for a bindover according to *State v. Hanning*, 89 Ohio St.3d 86, 728 N.E.2d 1059 (2000). In *Hanning,* the Ohio Supreme Court held that "the complicity statute, R.C. 2923.03, does not apply to the juvenile bindover criteria set forth in [former] R.C. 2151.26." *Id.* at 94. Indeed, the plain language of Ohio's bindover statute "evidences an intent on behalf of the General Assembly to look at the individual actions of the child and, moreover, shows an unequivocal intent not to bind that child over based upon the actions of an adult accomplice." *Id.* at 92.

**{¶20}** But in *Hanning,* the state relied on Ohio's complicity statute, R.C. 2923.03, to argue that "Hanning's actions in aiding and abetting the co-defendant who actually possessed the firearm were sufficient to invoke the mandatory bindover provision of [former] R.C. 2151.26(B)(4)(b)." In contrast, McCray pleaded guilty to having "a firearm on or about his person or under his control" and displaying, brandishing, indicating that he possessed, or using the firearm during the offense.

**{¶21}** While McCray maintains that he did not *actually* possess the firearm, as explained by his counsel at the plea hearing, he pleaded guilty to having the firearm on his person. It is well established that a guilty plea is " ' "an admission of every material fact well pleaded in the indictment, dispensing with the necessity of proving them, and authorizing the court to proceed to judgment." ' " *State v. Greathouse*, 158 Ohio App.3d 135, 2004-Ohio-3402, 814 N.E.2d 502, ¶ 7 (2d Dist.), quoting *State v.*

7

*Moore*, 2d Dist. Montgomery No. 13564, 1993 Ohio App. LEXIS 2487 (May 13, 1993), quoting *Craig v. State*, 49 Ohio St. 415, 418, 30 N.E. 1120 (1892). A guilty plea "admits the facts set forth in the indictment, not the facts set forth at the plea hearing." *Id.* at ¶ 8. The fourth firearm specification in the indictment alleged that McCray possessed the firearm and displayed, brandished, indicated that he possessed, or used the firearm to facilitate the offense. Whether McCray actually possessed the gun was rendered irrelevant when he admitted that he possessed a firearm and "displayed the firearm, brandished the firearm, indicated that he possessed the firearm, or used it to facilitate the offense."

{¶22} McCray's conviction, had it been alleged in a delinquency complaint, would have been subject to mandatory bindover under R.C. 2152.12(A)(1)(b)(ii). The only thing left for the adult court to do was to impose its sentence. Thus, we must vacate every order entered, as well as all proceedings that occurred, after the adult court's May 12, 2022 sentencing entry.

{¶23} Because the juvenile court never regained jurisdiction over the case, any "entry of record was a legal nullity." *In re D.J.*, 1st Dist. Hamilton Nos. C-170615 and C-170616, 2019-Ohio-288, ¶ 37. Therefore, we do not reach the merits of McCray's appeal. *Id.*

### III. <u>Conclusion</u>

{¶24} We vacate every proceeding and order entered after the common pleas court's May 12, 2022 sentencing entry, including the reverse bindover of the case.

Judgment accordingly.

**ZAYAS, P.J.,** and **KINSLEY, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.

8