[Cite as *State v. Jordan*, 2023-Ohio-311.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                          :

    Plaintiff-Appellee,           :

                                        No. 111547

    v.                            :

TONY JORDAN,                            :

    Defendant-Appellant.          :

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** February 2, 2023

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-20-653241-B

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and John D. Kirkland, Assistant Prosecuting Attorney, *for appellee*.

Timothy Young, Ohio Public Defender, and Victoria Ferry, Assistant State Public Defender, *for appellant*.

SEAN C. GALLAGHER, J.:

{¶ 1} Tony Jordan appeals his robbery, grand theft, and aggravated robbery convictions, which included attendant firearm specifications, claiming the

juvenile court abused its discretion in transferring Jordan's case to the general division. For the following reasons, the convictions are affirmed.

{¶ 2} Jordan, when he was 15 years old and under the supervision of the juvenile court for other offenses, robbed a 42-year-old female victim outside of her apartment at gunpoint. Jordan and his accomplice, Marquise Gholston, grabbed the victim by her hair and demanded her phone, money, and car keys. The victim's car was parked nearby, so the attackers fled in the stolen vehicle. The next morning, Jordan and Gholston, along with two other, unnamed individuals, forced their way into another victim's apartment; the victim was 69 years old at the time of the home invasion. A gun was placed against the victim's head while the attackers searched the home for valuables, ultimately stealing cash, a large flat screen television, and a Honda SUV. Shortly after the burglary and robbery, the stolen SUV was discovered by police officers who attempted a traffic stop. A lengthy chase ensued but ended when the assailants crashed the vehicle near a local salvage yard. Gholston was apprehended in the passenger seat of the car, but Jordan fled. A K-9 unit tracked and located Jordan, who was then arrested.

{¶ 3} The matter proceeded in juvenile court with separate case numbers pertaining to each victim. Jordan waived the probable cause determination, but following the amenability hearing, the juvenile court relinquished jurisdiction to the general division court after considering the factors set forth in R.C. 2152.12.

{¶ 4} Upon having the matter transferred to the general division court, Jordan pleaded guilty to the following: robbery, in violation of R.C. 2911.02(A)(1), a

second-degree qualifying felony offense; two grand theft offenses each in violation of R.C. 2913.02(A)(1), fourth-degree felony offenses; and aggravated robbery in violation of R.C. 2911.01(A)(1), a first-degree qualifying felony offense that included an attendant one-year firearm specification. The trial court imposed the following sentence:

> The court imposes a prison sentence at the Lorain Correctional Institution of 4 year(s). Defendant is sentenced in count 2 [(robbery)] to 3 years; in count 3 [(grand theft)] to 9 months, in count 11 [(grand theft)] to 9 months, and in count 6 [(aggravated robbery)] to 1 year on the gun specification, to run prior to and consecutive to the underlying offense, to which he is sentenced to 4 years. The minimum term on count 2 is 3 years, the maximum term is 4.5 years. The minimum term on count 6 is 4 years on the underlying offense, and the maximum term is 6, with the total maximum term being 5 years (with the gun specification) with the maximum term being 7 years.

According to the parties, the above sentencing entry establishes an aggregate stated minimum term of five years, up to a maximum term of seven years under the Reagan Tokes Law.[1]

{¶ 5} In this appeal, Jordan advances two assignments of error, which will be considered in reverse order for the sake of simplicity. In the second assignment of error, Jordan preserves his continuing objection to the non-life indefinite sentencing structure codified under the Reagan Tokes Law, advancing the same arguments regarding the separation of powers, right to due process, and right to trial by jury rejected by the en banc court in *State v. Delvallie*, 2022-Ohio-470, 185

---

[1] According to the "notice of calculation of sentence" filed before this appeal, the aggregate term of indefinite imprisonment includes the one-year sentence on the firearm specification, to be followed by a minimum of four years on the aggravated robbery, with the maximum term being six years on that count.

N.E.3d 536, ¶ 17-51, 103, 123 (8th Dist.). Inasmuch as Jordan has limited his constitutional challenge to the issues resolved in *Delvallie*, those arguments are summarily overruled.

{¶ 6} In the sole substantive argument presented for review, Jordan claims that the juvenile court abused its discretion by transferring Jordan's case to the felony division for prosecution, claiming that it was an "unreasonable" decision when "the safety of the community could be adequately protected" by, and there were adequate resources within, the juvenile system such that Jordan was amenable to the care or rehabilitation within the juvenile justice system.

{¶ 7} A juvenile court's amenability determination is reviewed for abuse of discretion. *State v. Crosby*, 8th Dist. Cuyahoga Nos. 107392 and 107551, 2019-Ohio-2217, ¶ 28, citing *State v. Jones*, 8th Dist. Cuyahoga No. 99044, 2013-Ohio-3725, ¶ 9, and *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, 897 N.E.2d 629. An abuse of discretion, as that term has been defined, implies "not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency. The exercise of an honest judgment, however erroneous it may appear to be, is not an abuse of discretion." *Johnson v. Abdullah*, 166 Ohio St.3d 427, 2021-Ohio-3304, 187 N.E.3d 463, ¶ 35, quoting *Black's Law Dictionary* 11 (2d Ed.1910). Thus, a trial court abuses its discretion only when it "'exercis[es] its judgment, in an unwarranted way, in regard to a matter over which it has discretionary authority.'" *State v. Austin*, 1st Dist. Hamilton Nos. C-210140 and C-210141, 2021-Ohio-3608, ¶ 5, quoting *Johnson* at ¶ 35.

{¶ 8} In a discretionary transfer proceeding under R.C. 2152.12, the controlling statutory provision relevant to this appeal, the juvenile court may not transfer jurisdiction without first finding that (1) the child was 14 or older at the time of the offenses, (2) there is probable cause to believe that the child committed the offenses, and (3) "[t]he child is not amenable to care or rehabilitation within the juvenile system, *and* the safety of the community may require that the child be subject to adult sanctions." (Emphasis added.) R.C. 2152.12(B)(1)-(3). In making the amenability determination under subdivision (B)(3), the juvenile court *is required to* "consider whether the applicable[, but not exhaustive,] factors under [R.C. 2152.12(D)] indicating that the case should be transferred outweigh the applicable[, but not exhaustive,] factors under [R.C. 2152.12(E)] indicating that the case should not be transferred." R.C. 2152.12(B)(3). The specific factors under consideration must be indicated within the record. *Id.* In light of "'the discretion afforded the juvenile court by the legislature in determining a juvenile's amenability to the juvenile justice system,'" the juvenile court's amenability determination cannot be reversed if "'there is some rational and factual basis to support the trial court's decision * * *.'" *State v. Nicholson*, 8th Dist. Cuyahoga No. 110595, 2022-Ohio-2037, ¶ 206, quoting *Crosby* at ¶ 28, and *State v. West*, 167 Ohio App.3d 598, 2006-Ohio-3518, 856 N.E.2d 285, ¶ 10 (4th Dist.). No one factor controls over any other.

{¶ 9} In this appeal, Jordan's argument is twofold but limited to the third finding under R.C. 2152.12(B)(3): (1) that the juvenile court abused its discretion by

relinquishing jurisdiction to the general division court because an expert "believed" that Jordan would be responsive to treatment in the juvenile system and that the Department of Youth Services would be "better suited" to Jordan's individual needs; and based upon that, (2) the juvenile court erred by concluding that there was not a reasonable time for rehabilitation because the juvenile system could keep Jordan for approximately five years at the time of the decision under R.C. 2152.12(E)(8). In other words, despite the undisputed fact that the juvenile court considered the applicable factors under R.C. 2152.12(D) to outweigh those contained under subdivision (E), the expert's belief that Jordan would be responsive to the available programs within the juvenile justice system should have been given more weight than consideration of the totality of all other factors.

{¶ 10} First and foremost, the review being sought is outside the scope of the appellate standard of review. Even if it were presumed for the sake of discussion that the juvenile court placed little weight on the expert's belief regarding Jordan's rehabilitative potential, there is no dispute that the juvenile court considered the expert's opinion as to Jordan's potential responsiveness to the treatment afforded in the juvenile justice system. The sole question for the juvenile court is the weight to be given that consideration in accordance with the statutory scheme requiring the court to weigh the totality of the analysis under R.C. 2152.12(B)(3) (amenability and safety to the public) and in rendering that decision, the court's mandatory consideration of the factors under R.C. 2152.12(D) and (E). Under the prevailing authority, "[t]he juvenile court's wide latitude to determine whether to retain or

relinquish jurisdiction over a child's case means that the court also has the discretion to decide how much weight to give to each factor in R.C. 2152.12(D) and (E)." *State v. Cunningham*, 6th Dist. Lucas No. L-21-1136, 2022-Ohio-3497, ¶ 100, citing *In re M.A.*, 12th Dist. Brown No. CA2018-07-005, 2019-Ohio-829, ¶ 33; *State v. Everhardt*, 3d Dist. Hancock No. 5-17-25, 2018-Ohio-1252, ¶ 22; and *State v. Marshall*, 1st Dist. Hamilton No. C-150383, 2016-Ohio-3184, ¶ 15.

{¶ 11} No one factor under R.C. 2152.12(D) or (E) is outcome determinative. If, by a preponderance of the evidence, the trial court concludes that the factors in favor of the transfer outweigh those against, the statutory analysis is satisfied. *State v. Nicholas*, Slip Opinion No. 2022-Ohio-4276, ¶ 35. Thus, if "'there is some competent, credible evidence to support the trial court's decision, there is no abuse of discretion.'" *Nicholas* at ¶ 73, (Kennedy, J., dissenting) quoting *Middendorf v. Middendorf*, 82 Ohio St.3d 397, 401, 696 N.E.2d 575 (1998). Because the trial court concluded that the R.C. 2152.12(D) factors outweighed the factors considered under R.C. 2152.12(E), appellate review must include analysis and discussion of the totality of that consideration.

{¶ 12} Inasmuch as Jordan claims that the trial court erroneously concluded that there was not sufficient time to rehabilitate Jordan, an offender's "disagreement with the way the juvenile court weighed the factors is not a reason to reverse the court's decision." *Cunningham* at ¶ 100, citing *State v. Ramsden*, 12th Dist. Clinton No. CA2020-11-016, 2021-Ohio-3071, ¶ 23 ("'[G]iven that it is the juvenile court, and not [the appellate] court, that has the discretion to determine how much weight

should be afforded to the factors set forth in R.C. 2152.12(D) and (E), [appellant's] challenge to the weight that the juvenile court ultimately decided to attribute to each [of] those factors lacks merit.'"), *aff'd, State v. Ramsden*, Slip Opinion No. 2022-Ohio-4483, ¶ 1; *Nicholas* at ¶ 73. The appellate focus is on the totality of the consideration required under R.C. 2152.12(B)-(E).

{¶ 13} With respect to the statutory factors under R.C. 2152.12(D) and (E), Jordan claims that the trial court failed to consider that there was reasonable time for rehabilitation because the juvenile system could keep Jordan for approximately five years at the time of the decision — the approximate length of Jordan's aggregate felony sentences. This argument incorporates the expert's conclusion that the juvenile justice system had adequate programs to aid Jordan's rehabilitation. Jordan's focus on one of eight factors that must be considered under R.C. 2152.12(E) is misplaced.

{¶ 14} The trial court, in consideration of the statutory factors weighing against transfer under R.C. 2152.12(E), concluded that (1) there were no facts to support the claim that the victims induced or facilitated the criminal conduct; (2) Jordan was not acting under provocation; (3) the factor dealing with the determination that Jordan was not the principal actor or under negative influence or coercion did not apply; (4) Jordan could not demonstrate the applicability of the factor considering the lack of physical harm caused to person or property given the nature of the criminal conduct in both cases; (5) Jordan had been previously adjudicated a delinquent child for the purposes of one of the cases under

consideration, but not the other; (6) there was no evidence demonstrating that Jordan was not emotionally, physically, or psychologically mature enough for the transfer; (7) Jordan, although he was diagnosed with Bipolar Disorder II and "an additional 'rule out' diagnosis of ADHD," had a full scale IQ of 100 placing him in the "solid range" of intellectual abilities; and (8) that there was not sufficient time to rehabilitate Jordan within the juvenile system, especially in light of the fact that the conduct at issue occurred while Jordan was already under the juvenile court's supervision.[2]   The juvenile court also considered Jordan's background and upbringing and noted the support offered by his mother throughout the proceedings.   After considering the above factors, the juvenile court noted the statutory inquiry did not involve simply finding more factors in favor of the transfer; it involved the court's discretionary power to give weight to each factor, for and against.

{¶ 15}  In this appeal, of the eight factors considered weighing against the transfer, Jordan only disputes the juvenile court's consideration of one isolated factor, whether there was sufficient time to rehabilitate Jordan.  Only one other statutory factor arguably weighed against the transfer: that Jordan was diagnosed with bipolar disorder; however that was mitigated by Jordan's IQ (both of which fall

---

[2] Jordan had been within the juvenile justice system for over a year before the misconduct underlying this case, leading to an escape charge stemming from his going absent from the Cleveland Christian Home.  After escaping the temporary confinement, Jordan bounced back and forth between the juvenile detention center and home detention.  The day before the first criminal act in this case, Jordan had been placed in the Phoenix Court program.

under R.C. 2152.12(E)(7)).  Jordan, however, has not challenged the juvenile court's conclusions with respect to the factors weighing in favor of the transfer under R.C. 2152.12(D).

{¶ 16} Thus it is undisputed in this appeal that there is competent, credible evidence demonstrating that (1) under R.C. 2152.12(D)(1), both victims were traumatized by Jordan's criminal conduct, requiring the 42-year-old victim to move and seek counseling and traumatizing the elder victim to the point that he fears leaving his home; (2) under subdivision (D)(2), the elderly victim's age exacerbated the harm caused by Jordan's conduct; (3) under subdivision (D)(5),[3] the crimes were committed with a firearm, and although no evidence demonstrated that Jordan brandished the firearm, the juvenile court considered this fact under the catchall considerations; (4) under subdivision (D)(6), Jordan committed the violent acts while already under the supervision of the juvenile court having previously been adjudicated delinquent; (5) under subdivision (D)(7), the results of Jordan's failed rehabilitation through his previous interaction with the juvenile court system indicated that further rehabilitation would not occur; (6) under subdivision (D)(8), Jordan was emotionally, physically, and psychologically mature enough for the transfer; and finally (7) under subdivision (D)(9), any further rehabilitative attempts could not be achieved with the time that Jordan would remain a juvenile.

---

[3] The factors enumerated under R.C. 2152.12(D)(3) and (4) were deemed to be inapplicable.

{¶ 17} The weight to be given to any one factor is not solely dispositive under the abuse of discretion standard of review. Jordan's argument that the expert's belief in rehabilitation within the time Jordan could serve in the juvenile justice system should have superseded all other enumerated factors is without merit. Without a discussion of all factors considered, this court cannot conclude that the trial court abused its discretion in declining to give greater weight to the rehabilitative potential within the juvenile justice system as contrasted against the weight of the evidence favoring the transfer to the general division court as the juvenile court is required to consider under R.C. 2152.12(D). Under the totality of the statutory factors considered, it cannot be concluded that the trial court abused its discretion in concluding that the factors in favor of the transfer outweighed those against.

{¶ 18} Jordan's assignment of error to the contrary is overruled. The convictions are affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

ANITA LASTER MAYS, A.J., CONCURS;
KATHLEEN ANN KEOUGH, J., CONCURS IN JUDGMENT ONLY