[Cite as *State v. Pickens*, 2024-Ohio-951.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,              :

    v.                                          :

                 No. 113202

BRYLIN PICKENS,                           :

    Defendant-Appellant.           :

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** March 14, 2024

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-22-666805-B

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Carson Strang and Eben McNair, Assistant Prosecuting Attorneys, *for appellee.*

Elizabeth Miller, Ohio Public Defender, and Lauren Hammersmith and Victoria Ferry, Assistant State Public Defenders, *for appellant.*

SEAN C. GALLAGHER, J.:

{¶ 1} Brylin Pickens appeals from his convictions of involuntary manslaughter and unlawfully discharging a firearm into a habitation, along with

attendant three-year firearm specifications, for his part in killing a 13-year-old victim. For the following reasons, we affirm.

{¶ 2} Pickens was 16 years old at the time of the killing. A complaint was filed in juvenile court for offenses that would be aggravated murder, murder, improper discharge of a firearm, felonious assault, and attempted murder if Pickens were an adult. The state initiated bindover proceedings under R.C. 2152.12(A)(1)(a). During the probable-cause hearing, the state presented evidence that Pickens and Da'Vantae Cleveland (14 years old at the time of the crime), fired two rounds from a stolen handgun into a house where the victim was visiting, one of which struck the victim in the back of the neck causing his death. The evidence demonstrated that either of the defendants could have fired a weapon, although Cleveland was identified as the one who stole the firearm from his neighbor. The neighbor's firearm was consistent with the model of the firearm used in the shooting, but it was not recovered.

{¶ 3} Another juvenile in the same house believed himself to be the intended target because of a previous altercation he had with Pickens and Cleveland. The survivor identified Pickens through security-camera footage depicting Pickens and Cleveland around the house immediately before the shooting.

{¶ 4} The juvenile court transferred the case to the general division based on the conclusion that Pickens was 16 years old and there was evidence demonstrating probable cause that Pickens committed acts that would be aggravated murder, murder, improper discharge of a firearm, felonious assault, and

attempted murder if Pickens were an adult. *See* R.C. 2152.12(A)(1)(a). The state presented evidence of Pickens's complicity in the shooting into the habitation that caused the death of one of the victims and that the shooting was intentional.

{¶ 5} In the general division proceedings, Pickens ultimately pleaded guilty to involuntary manslaughter in violation of R.C. 2903.04(A), which provides that no person shall cause the death of another through the commission of a felony offense, along with an attendant three-year firearm specification, and improper discharge of a firearm at or into habitation or school in violation of R.C. 2923.161(A)(1), which also included a three-year firearm specification. The state agreed to amend the murder charges to the single count of involuntary manslaughter. The court respectively imposed an 11- and 5-year term on each of the underlying offenses, and two 3-year terms of imprisonment for each firearm specification, all of which were to be served consecutively except for the 3-year prison term imposed on one of the firearm specifications. The trial court also calculated the maximum nonlife indefinite term to be 21.5 years (11 + 5 + 5.5) for the purposes of the Reagan Tokes Law sentencing.

{¶ 6} In reciting the aggregate sentence, the court indicated that the "total stated prison term is 19 years to 24 years six months," which included one of the 3-year terms imposed on the firearm specifications. The trial court imposed the firearm specifications to be served concurrently despite R.C. 2929.14(B)(1)(b) and 2929.14(C)(1), the latter of which requires all sentences imposed for firearm specifications to be consecutively served to all other terms. This appears to be an

inartful attempt to comply with R.C. 2929.14(B)(1)(b), which provides: "[E]xcept as provided in division (B)(1)(g) of this section, a court *shall not impose* more than one prison term on an offender under division (B)(1)(a) of this section for felonies committed as part of the same act or transaction." (Emphasis added.) *Id.*

{¶ 7} The trial court imposed two 3-year terms of imprisonment on the firearm specifications attendant to both counts to which Pickens pleaded guilty, which were part of the same act or transaction by the predicate nature of the relationship between the improper discharge and involuntary manslaughter crimes. Imposing terms for each specification violated R.C. 2929.14(B)(1)(b). The fact that the two terms were imposed concurrently does not legitimize the unauthorized sentence. *See, e.g., State v. Williams*, 148 Ohio St.3d 403, 2016-Ohio-7658, 71 N.E.3d 234, ¶ 28 (concurrent sentences imposed for convictions subject to merger are not authorized by law). Moreover, the trial court lacked authority to impose concurrent terms for any firearm specification in the attempt to fix the erroneous imposition of multiple terms. *See* R.C. 2929.14(C)(1).

{¶ 8} Trial courts generally have no authority to disregard statutory sentencing provisions or fashion novel sentences. Nevertheless, under *State v. Henderson*, 161 Ohio St.3d 285, 2020-Ohio-4784, 162 N.E.3d 776, ¶ 16-40, and *State v. Harper*, 160 Ohio St.3d 480, 2020-Ohio-2913, 159 N.E.3d 248, ¶ 20-41, if neither party appeals a final entry of conviction that is merely voidable, it becomes final and unassailable. There are no arguments pertaining to the sentence imposed, and as a result, this sentencing deviation is simply noted.

{¶ 9} In this appeal, Pickens advances a single assignment of error in which he claims the "juvenile court erred when it found probable cause that [Pickens] committed a category one offense and transferred his case for criminal prosecution." The state's theory was that Pickens committed acts that would be considered complicity to commit aggravated murder, murder, attempted aggravated murder, or attempted murder if charged as an adult, which under R.C. 2152.12(A)(1)(a)(i) are category-one offenses. Pickens's sole argument is that because the state's theory was based on accomplice liability, the juvenile court erred in concluding that there was probable cause to support the transfer of the proceedings to the general division for a felony conviction. According to Pickens, mandatory transfers to the general division cannot be based on complicity to commit the offenses.

{¶ 10} Pickens's entire argument focuses on the language of R.C. 2152.12(A)(1)(a)(i), which requires a finding of probable cause that the alleged delinquent child committed "the act charged." Under his theory, solely relying on *State v. Hanning*, 89 Ohio St.3d 86, 728 N.E.2d 1059 (2000), in order to find that he "committed the act charged," the state must present evidence that he is the primary offender. This argument misses its mark for two reasons.

{¶ 11} Under R.C. 2152.12(A)(1)(a)(i), "[a]fter a complaint has been filed alleging that a child is a delinquent child for committing one or more acts that would be an offense if committed by an adult, if any of those acts would be aggravated murder, murder, attempted aggravated murder, or attempted murder if committed by an adult," the juvenile court "shall transfer" the case if, in pertinent part, the child

was 16 years old and there is probable cause to believe the child committed "the act charged." Importantly, that provision does not establish that the state must present evidence that the child "committed the *offense* charged." The "act charged" language that Pickens focuses on, is a direct reference to the "one or more acts that would be an offense if committed by an adult."[1] The state need only present a quantum of evidence that Pickens was complicit in the murder of the victim. That "act," being complicit in the purposeful killing of another, would be a murder offense if committed by an adult.

{¶ 12} In addition to that, Pickens's argument, which is entirely based on *Hanning*, is contrary to settled law in this district. *See State v. Bond*, 8th Dist. Cuyahoga No. 110520, 2022-Ohio-1246. According to *Bond*:

> In *Hanning*, the Ohio Supreme Court held that a juvenile offender was not subject to transfer to the general division if the juvenile was complicit in the use or possession of a firearm for the offense being bound over based on the firearm specification under R.C. 2152.10(A)(2)(b). However, in *Agee* [*v. Russell, Warden*, 92 Ohio St.3d 540, 2001-Ohio-1279, 751 N.E.2d 1043], the Ohio Supreme Court limited the holding in *Hanning*

because it did not involve mandatory bindover and solely involved the transfer being based on a firearm specification. *Id*. at ¶ 21. As further explained in *State v. Bishop*, 8th Dist. Cuyahoga No. 89184, 2007-Ohio-6197, ¶ 27, "[T]he Ohio Supreme Court

---

[1] We acknowledge that some courts truncate the statutory language, claiming that there must be a showing of probable cause to believe the "juvenile committed the offense or offenses charged." *See, e.g., In re E.S.*, Slip Opinion No. 2023-Ohio-4273, ¶ 21. That shorthand reference is not binding. R.C. 2152.12(A)(1)(a)(i) provides for a mandatory transfer to the general division if there is probable cause to believe that the juvenile offender committed an act that would be an offense if committed by an adult.

held in *Agee*, that *Hanning* does not apply to mandatory bindover cases under former section R.C. 2151.26(B)(3) (currently R.C. 2152.10(A)(1)(a)), but applies solely to R.C. 2151.26(B)(4)(b) (currently R.C. 2152.10(A)(2)(b))." *Id*. Pickens's solitary reliance on *Hanning* in this case, which involves a mandatory transfer to the general division under R.C. 2152.10(A)(1)(a), is misplaced.

{¶ 13} In *Bond*, similar to this case, the offender was bound over to the general division based on the finding of probable cause that the offender was complicit in the murder of the victim, a category-one offense subjecting the offender to mandatory bindover under R.C. 2152.10(A)(1)(a) in light of the offender's age. *Id*. The panel nonetheless affirmed the conviction based on the fact that the argument that a juvenile offender cannot be subjected to mandatory bindover based on complicity had already been rejected in *Bishop*. That argument fares no better in this appeal. Importantly, Pickens has not addressed this district's precedent or attempted to distinguish it. In this regard, he forfeited any arguments pertaining to *Bishop* and its progeny. *See State v. Quarterman*, 140 Ohio St.3d 464, 2014-Ohio-4034, 19 N.E.3d 900, ¶ 19, citing *State v. Bodyke*, 126 Ohio St.3d 266, 2010-Ohio-2424, 933 N.E.2d 753, ¶ 78 (O'Donnell, J., concurring in part and dissenting in part), quoting *Carducci v. Regan*, 714 F.2d 171, 177 (D.C.Cir.1983); App.R. 16(A)(7).

{¶ 14} Inasmuch as Pickens is also claiming the juvenile court otherwise erred in finding sufficient evidence to demonstrate probable cause that he committed acts that would be felony offenses if committed by an adult, that argument too must be rejected. According to Pickens, there is insufficient evidence

of him shooting the weapon into the victim's home. Pickens, however, pleaded guilty to the improper discharge of a weapon as the predicate offense to the involuntary manslaughter charge. The state argues that Pickens cannot challenge the probable-cause determination because pleading guilty waives all nonjurisdictional defects in the proceedings that occur prior to the plea. *See State v. Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 78, quoting *Menna v. New York*, 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975), fn. 2. We need not reach that broad of a conclusion in this particular case, and therefore, we do not take any position on the applicability of that general principle to other aspects of an appeal involving bindover and guilty plea.

{¶ 15} Pickens pleaded guilty to involuntary manslaughter and improperly discharging a weapon into a habitation in exchange for the state agreeing to forego prosecution for the murder charges as alleged in the indictment. In doing so, Pickens admitted to committing the criminal acts underlying his convictions, in pertinent part, that he "knowingly, without privilege, did discharge a firearm at or into an occupied structure that is a permanent or temporary habitation of" the victims. That admission subsumes the quantum of evidence necessary to the probable-cause determination.

{¶ 16} "There is a mixed standard of review applied to a juvenile court's probable-cause determination at a mandatory transfer proceeding." *State v. Zarlengo*, 2021-Ohio-4631, 182 N.E.3d 458, ¶ 20 (7th Dist.), citing *In re A.J.S.*, 120 Ohio St.3d 185, 2008-Ohio-5307, ¶ 51. Whether there is sufficient evidence, as

"presented by the state at the preliminary hearing held prior to a juvenile bindover[,] involves a legal question to be independently reviewed with no deference given to the decision of the juvenile court." *Id.*, citing *In re A.J.S.* at ¶ 47, 51, and *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). "[T]he juvenile court's role in a mandatory-bindover proceeding is that of a gatekeeper." *State v. Martin*, 170 Ohio St.3d 181, 2022-Ohio-4175, 209 N.E.3d 688, ¶ 31, citing *In re A.J.S.* at ¶ 46. The probable-cause determination is a preliminary, sufficiency determination requiring the state to present evidence that raises more than mere suspicion of guilt — but that need not rise to the level of beyond a reasonable doubt. *In re E.S.,* Slip Opinion No. 2023-Ohio-4273, at ¶ 23.

{¶ 17} The effect of a guilty plea is a complete admission of guilt to the offense to which the plea is entered, which goes well beyond proof beyond a reasonable doubt if a guilty plea is to be quantified. Crim.R. 11(B)(1). A guilty plea "'renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction if factual guilt is validly established.'" *Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, at ¶ 78, quoting *Menna*, 423 U.S. 61, 62, 96 S.Ct. 241, 46 L.Ed.2d 195, fn. 2. Pickens entered his guilty plea and the effect of that plea is a complete admission to committing the acts that constituted the offenses to which he pleaded guilty.

{¶ 18} Pickens's guilty plea to improper discharge of a firearm into a habitation, as the predicate offense underlying the involuntary manslaughter charge

for causing the death of the victim, was based on the same facts underlying the probable-cause determination. *See State v. Burns*, 170 Ohio St.3d 57, 2022-Ohio-4606, 208 N.E.3d 801, ¶ 13 (a case transferred from juvenile court to the general division may result in new offenses if the new charges are "rooted in the acts that were subject of the juvenile complaint"). His guilty plea effectively concedes there was sufficient evidence of his committing acts that would constitute the felony offenses, including those that would be murder, and as a result, there can be no error with the juvenile court's factual determination. *See, e.g., State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, 814 N.E.2d 51, ¶ 19 (guilty plea subsumes an admission of guilt, and therefore, the guilty plea is an admission to committing the underlying acts on which the conviction is based).

{¶ 19} The state seeks a definitive, bright-line rule that an offender waives all nonjurisdictional errors in the juvenile proceedings after the case is transferred to the general division if the offender pleads guilty to the felony offenses, relying on *Zarlengo*, 2021-Ohio-4631, 182 N.E.3d 458, 469, at ¶ 37 (7th Dist.), and *Smith v. May*, 159 Ohio St.3d 106, 2020-Ohio-61, 112, 148 N.E.3d 542, ¶ 26, for the proposition that a defendant bound over to the general division cannot assert any nonjurisdictional error with that bindover after pleading guilty to the offenses. We need not reach that broad of a conclusion in resolving this case. *See, e.g., State v. Jordan*, 8th Dist. Cuyahoga No. 111547, 2023-Ohio-311, ¶ 7 (after a discretionary bindover and pleading guilty, the defendant unsuccessfully challenged the

amenability determination on appeal).[2] It suffices for the purposes of this appeal that Pickens's guilty plea subsumes the juvenile court's conclusion as to the existence of probable cause to believe that Pickens committed acts that would be a murder offense if he was charged as an adult.

{¶ 20} By pleading guilty to the offenses charged, which are based on the same conduct alleged to support the original probable-cause determination, there can be no reversible error in the juvenile court's factual determination. *See State v. Powell*, 4th Dist. Gallia No. 20CA3, 2021-Ohio-200, ¶ 55. Pickens, through his guilty plea, admitted to committing the act of intentionally discharging a weapon into the building, which caused the death of the victim. That admission independently establishes the foundation of the probable-cause determination. The effect of the guilty plea is to admit that his conduct constituted the charged offenses, which well surpasses the quantum of evidence inherent to the probable-cause determination.

{¶ 21} Having presented no other arguments for our review, we affirm the convictions.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

---

[2] The panel's review in *Jordan* was limited by the arguments presented. The panel did not expressly address the question of whether the guilty plea waived the appellate challenge of the amenability finding. *See generally id.* The above reference to *Jordan* is not to be construed as a definitive statement of law. It merely highlights the fact that reaching a broad conclusion on the waiver question impacts a variety of cases that need to be addressed by the parties when ripe for review.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
SEAN C. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, A.J., and
EILEEN T. GALLAGHER, J., CONCUR